VAIL, ADM'R, *v.* GIVAN ET AL.

DECEDENTS' ESTATES.—*Removal of Administrator.*—*How Procured.*—An administrator of a decedent's estate, which is in process of settlement, can only be removed upon the verified petition of a person interested in such estate, or of a co-administrator, or of the surety of such administrator, specifying one or more of the causes for such removal, as enacted in sec. 22 of the act concerning "the settlement of decedents' estates," etc., 2 R. S. 1876, p. 491.

SAME.—*Pleading.*—Where a petition for the removal of an administrator of the estate of a decedent is filed by a person claiming an interest in such estate, the petition must show the nature of such interest, by alleging the facts constituting it.

SAME.—Upon the petition of a creditor asking an order upon such administrator to pay off a claim, held by the former, against such estate, but neither asking, nor assigning any statutory reason, for the removal of such administrator, the court can not order his removal, nor appoint a successor for him, in such trust.

From the Dearborn Circuit Court.

*H. D. McMullen, G. M. Roberts* and *F. Adkinson,* for appellant.

*W. H. Matthews*, for appellees.

Howk, J.—In the matter of the estate of Sarah A. Vail, deceased, of which estate Benjamin F. Vail was administrator with the will annexed, pending in the court below for settlement, the appellee, Noah S. Givan, filed his verified petition, addressed to the court, in substance as follows:

The petitioner represented, that, on the — day of ——, 1870, the appellant was duly appointed administrator of the estate of said Sarah A. Vail, deceased, and undertook the performance of said trust; that, at the —— term, 1871, of the Court of Common Pleas of Dearborn county, Indiana, the petitioner obtained a judgment against said estate for the sum of —— dollars and —— cents, as shown by Common Pleas order book No. —, page —; that there came to the hands of said administrator a large estate, both real and personal, of the appraised value of —— dollars and —— cents, a sum sufficient to pay all of the just debts against said estate, had it been properly administered, as shown by the inventories filed in said estate; and that the judgment aforesaid was due and unpaid. Wherefore the petitioner prayed that said administrator might be cited to appear and show cause why he had not paid petitioner's judgment, and that he might be directed to pay said judgment, principal, interest and costs, out of any funds he might have in his hands, as such administrator, and if there was not any money in his hands, as such administrator, to pay debts, that he be directed to sell real estate, belonging to said estate, until he had realized a sum sufficient to pay said judgment, principal, interest and costs; and that he be ordered to apply it to the payment of said judgment, and for all general relief.

This petition was sworn to by the attorney of the petitioner, on November 21st, 1874, and was filed during the November term, 1874, of the court below. And, thereupon, it was ordered by the court below, that the appel-

lant appear before that court, on the second Saturday of that term, and "then and there show cause why he has not paid all the claims that have heretofore been allowed as just and valid against said estate."

On the day appointed, the appellant made a verified report, in writing, showing the condition of his decedent's estate; that he had paid out more moneys, on the decedent's debts, than had come to his hands as such administrator; and that he then had no money in his hands, belonging to said estate. And said report further showed, that said decedent owned, at the time of her death, a large body of land in Pulaski county, Indiana, which was liable to be made assets for the payment of said decedent's debts; that the appellant had made no effort to sell this land, for the reason that it had been and was involved in a lawsuit, and, if sold before this suit was determined, that the land would be sacrificed; that this suit had been decided, by the Pulaski Circuit Court, in favor of said decedent's estate, and was then pending on appeal in this court, and had been submitted, and, he was advised by his counsel, would probably be decided during the then, November, term, 1874, of this court; and, further, that if the said judgment of the Pulaski Circuit Court should be affirmed by this court, he would be able to sell enough of said Pulaski county land, without any difficulty, to pay all the claims against said estate; but that, he believed, it would be a useless expense to attempt to sell any of said land, while said lawsuit was undetermined, as no one would be likely to buy the same.

And the appellee, Noah S. Givan, then filed written objections to the approval of appellant's report; and evidence was then heard, by the court below, on said report and objections, which fully sustained, without any contradiction, the material statements in appellant's report. After the introduction of this evidence, the appellee James S. Bigelow, without the filing of any writing in his behalf, became a party to the record of this proceed-

ing, in some way, but how the record fails to disclose. Upon the evidence introduced, the court below made an order, that, on or before January 2d, 1875, the appellant should make a full and specific report and account of all matters concerning said trust, and of all moneys that had come to his hands, and of all moneys that had been paid out, on account thereof, and that he should pay said claims of the appellees, and that, in default thereof, he should be removed from his trust, without the further order of the court below; and the court sustained the objections to said report, and, instead thereof, required a fuller and more specific report.

On the 2d day of January, 1875, the appellant presented to the court below his verified report and petition, in which he stated, in substance, that, owing to the loss of all his former reports and vouchers, filed by him in the court below, he was not then able to make a full and detailed report of all his doings, as such administrator, as he had been required by the court, on a former day of the term, to do; that said papers had been lost or mislaid, without his fault or negligence, as he did not, at any time during said term, have them in his possession. He therefore asked, that he might have further time granted him to make the report required of him; and he said that he would make said report, as soon as said papers could be found, if they could be found within a reasonable time, and, if they could not be found within a reasonable time, he would make such report to the best of his ability, within such time as the court should order. And as to the claims of the appellees, which appellant had been ordered by the court below to pay by that day, he said that he had no money in his hands, belonging to said estate, and had not had, at the time said order was made, nor at any time since; that he had already paid out, on debts against said estate, which were liens on said decedent's real estate, largely more than the value of the whole personal estate of said decedent, and the whole proceeds of the

sales of said decedent's real estate; and that, since said order was made, requiring him to pay said claims, he had not had time to make any money by the sale of real estate, there being then no personalty, of any value, belonging to said decedent's estate. And the appellant then made the same statements he had made in his first report in this proceeding, in reference to the Pulaski county lands belonging to said decedent's estate. And the appellant prayed the court below to grant him such further reasonable time, to make such detailed report, and to pay said moneys to the appellees, as to the court should seem proper, and he would, in the mean time, use all possible diligence to settle and pay off all claims against said estate.

It does not appear from the record, that the appellees, or either of them, controverted any of the statements of the appellant in this last report and petition, or that either of them made any objection whatever to the granting of the prayer of said petition, by the court below. And having seen and examined said report and petition, the court below, apparently of its own motion, refused to rescind its former order directing the appellant to make a full, true and correct report of his trust, and to pay certain claims of the appellees, and in default thereof that he stand removed, without further order of the court below. And the court then appointed George B. Fitch, as successor to the appellant removed, and said Fitch gave bond to the approval of the court, and took the oath prescribed by law.

All the said proceedings of the court below were duly objected and excepted to by the appellant, and were all embodied in a bill of exceptions, filed during the term, and are all properly before us, for our consideration.

The alleged errors of the court below, assigned by appellant in this court, call in question the sufficiency and legality of the entire proceedings of the lower court, re-

sulting in the removal of the appellant from his trust, and in the appointment of his successor.

We do not doubt that the proceedings of the court below, in this cause, were prompted solely by a sense of duty; but it seems to us that these proceedings were not authorized by the application of the appellees. The causes for which an administrator may be removed from his trust, and the mode by which his removal may be lawfully procured, and the persons who may make application for his removal, are all accurately defined and pointed out in the 22d section of the statute of this State, providing for the settlement of decedents' estates, etc., approved June 17th, 1852. 2 R. S. 1876, 502. From an examination of that section, it will readily be seen that the removal of an administrator from his trust, in such proceedings as the one at bar, can only be procured upon the written application, to the proper court, verified by oath, of some person interested in the estate, or of his co-administrator, if he has any, or of a surety on his bond, specifying the grounds of complaint for such removal. It is clear, in our opinion, that such written application must show that the applicant, if not a co-administrator, or a surety on the administrator's bond, has a real and existing interest in the decedent's estate,—must allege some one or more of the statutory causes for the removal of the administrator, and must apply for his removal.

In the case now before us, there was no written petition or application, verified by oath, filed by James S. Bigelow, one of the appellees; and the petition of the appellee Noah S. Givan did not show that he had any real interest in the decedent's estate, nor did it allege any one of the statutory causes for the removal of the administrator, nor did it apply or ask for the administrator's removal. The petitioner alleged that he had obtained a judgment against said estate, for —— dollars and —— cents; but that allegation was too vague and indefinite, to show that he had any interest in said estate. The evidence on the

trial, in the court below, did not cure this defective allegation; for the petitioner did not give in evidence, on the trial, any judgment, in his favor, against said estate. No cause whatever was alleged by the petitioner, for the removal of the appellant from his trust, as administrator, nor did the petitioner ask for such removal.

It seems to us, therefore, that the proceedings of the court below, in the removal of the appellant from his trust, and in the appointment of his successor in said trust, were not authorized either by the petition or by the evidence before the court, in this cause, and were, for the reasons given, contrary to law.

So much of the orders of the court below, in this cause, as provided for the removal of, or removed, the appellant from his trust, as administrator, etc., of Sarah A. Vail, deceased, and as appointed George B. Fitch, as appellant's successor in said trust, is hereby reversed, at the costs of the appellees, and the cause is remanded for further proceedings in accordance with this opinion.