JAMES NEIGHBORS v. J. J. HAMLIN, Executor.

*Practice—Executors—Requiring them to give Bond—Removal from Office—Sufficiency of Affidavit.*

1. The insolvency of an executor is not a sufficient cause for requiring him to give bond and, failing in that, for his removal, unless such insolvency was unknown to the testator or occurred after his death.
2. An affidavit upon which an application is based for requiring an executor to give bond or for his removal, is insufficient if it states merely a belief that such executor will misapply the funds which may come into his hands; it should set out the facts or circumstances or state the reasons upon which such belief is grounded.

(*Fairbairn* v. *Fisher*, 4 Jones 390, cited and approved.)

APPLICATION of the plaintiff to require the defendant as executor of B. J. Crawley to give bond, heard at Fall Term, 1877, of RANDOLPH Superior Court, before *Buxton, J.*

This proceeding was commenced before the Clerk of said Court upon an affidavit of the plaintiff, to the effect that the defendant's testator was indebted to him in a certain sum, and that by reason of the alleged insolvency of the defendant, and the fact that he had given no bond for the faithful performance of his duties as executor, the plaintiff was in danger of losing his debt by a misapplication of the proceeds of sale of the testator's property, to which affidavit

the defendant filed an answer denying the same. The Clerk adjudged that unless the defendant should execute a bond by a certain time, he should be removed from his office as executor. From this order the defendant appealed, and upon the hearing before His Honor, the proceeding was dismissed on the ground that an executor was not liable to be removed for the causes alleged by the plaintiff. Judgment. Appeal by plaintiff.

*Messrs. A. W. Tourgee* and *J. N. Staples*, for plaintiff.
*Messrs. Scott & Caldwell*, for defendant.

FAIRCLOTH, J.  If an executor becomes insolvent after the death of the testator, or if his insolvency was unknown to the testator before his death, or if he is a non-resident, or if he applies the funds of the estate to his own use, or if he converts his own property into money, notes, &c., and thereby produces a reasonable doubt in regard to the safety of the estate, or if his character and business habits shall become worse after the death of the testator and thereby such a doubt is produced, or if by his *negligence* the safety of the property of the estate is jeopardized; in these and like instances it is in the power and it is the duty of the Court to interfere by requiring the executor to give bond with sufficient securities, and failing in this, to remove him from his office and appoint an administrator, or pending litigation, a receiver, to receive and guard the property.  But the poverty or insolvency of the executor, we have frequently said, will not authorize the Court to remove him against the will of the testator.  *Fairbairn* v. *Fisher*, 4 Jones Eq. 390, and later cases.

The plaintiff in his affidavit alleges that he is a creditor of the estate, and that the defendant is " wholly insolvent and irresponsible," and that if he should collect certain funds, "this affiant believes that the defendant would mis-

apply said money and would not pay off the debt of the affiant."

The defendant answering says that he received no property or funds as executor, and has committed no maladministration or loss, and that his condition in regard to property and credit has not been changed for the worse since the death of the testator, but that it is improved.

Assuming the truth of the plaintiff's allegation, as if the defendant had demurred to it, we are then of opinion that the plaintiff is not entitled to the order asked for. We have seen that the poverty alone of the defendant will not do, and the latter clause of the affidavit will not do, because it alleges only affiant's belief without setting forth any fact or circumstance, or any reason for his belief. This is necessary in order that the Court, standing between the parties, may see whether the plaintiff's complaint is well founded or not. Men differ widely in their opinions,—some believe readily on slight provocation, others do not ; and it is plain that the parties to this proceeding do not believe alike. Any other rule would be inconvenient. It would expose one to the mere stated belief of another, and would not expose that other one to the pains of perjury, even if his statement was entirely untrue. The distinction is well illustrated in applications for attachments, arrest and bail, &c., in which some sufficient act accomplished must be averred, or if mere apprehension or belief that loss or injury will come is the gravamen of the complaint, then the affiant is required to set forth facts or circumstances in support of his belief. This is our conclusion on the plaintiff's case without giving any weight to the denial of the defendant.

No error.

PER CURIAM.                                        Judgment affirmed.