(Darke County, O., Common Pleas.)
H. A. FOX, EX'R. ETC., v. LOUISA KEISTER, ET AL.

(1). Under section 6017a of the Revised Statutes an application for the removal of an administrator or an executor must state the facts which constitute the alleged causes of removal; it is not sufficient to charge mismanagement, mal-administration, or misapplication of the funds in general terms, and it is error in the probate court to overrule a motion to make more definite and certain such a general charge.

(2). An executor or administrator is not permitted under the law to acquire property at his own sale, but such purchase alone is not of itself proof of waste, maladministration or mismanagement, and hence, in the absence of all fraudulent intent or bad faith or refusal to reconvey, not ground for the removal of such executor or administrator.

(3). Nor is the fact alone that an executor or administrator is undebted to the estate; nor the fact alone that an executor, having a personal contract with counsel to render such legal services as are necessary to close up the estate for a fixed sum, releasing such contract and permitting such counsel to receive such compensation as the court deems reasonable, in the absence of fraud, grounds for the removal of such executor or administrator.

Error to the Probate Court, Darke County.
(Affirmed by Circuit Court, May Term, 1899.)

FISHER, J.

The great care with which this case has been prepared and the earnestness with which it was presented to the court by counsel, impressed the court that it was one not of easy solution, and the court has given the case careful investigation, both as to the law involved and as to the facts as they appear from the record and bill of exceptions.

In passing upon a branch of this case heretofore, the court said "An executor, deriving his authority by reason of a trust committed to him by the testator in his will, and having obtained his appointment from the court after due deliberation and upon consideration of the interest of all those concerned, should not be removed from office without sufficient cause, and in many states, Ohio being one of them, an executor can only be removed for the specific causes enumerated in the statutes."

Proceedings to remove an executor or an administrator must be taken in the probate court. They are original proceedings.

An application to remove can only be made by a person interested in the estate, and must be made by motion, in writing, or by formal complaint. The motion or formal complaint cannot be regarded as evidence of the facts contained in it, but must allege the reasons for removal. Carpenter v. Grey, 32 N. J. Eq., 692.

Upon the filing of such application for removal, the court must give due notice that such application has been made and that such executor or administrator is required to appear and show cause why his authority should not be revoked. 21 Ency. of Law, 360, note 1. And the court cannot remove such executor or administrator unless such petitioner for the removal has fully established his case by proper evidence.

Section 6017 of the Revised Statutes of Ohio, provides: "A probate court may at any time, remove any executor

or administrator, he having twenty days' notice thereof, for habitual drunkenness, gross neglect of duty, incompetency, fraudulent conduct, removal from the state, or that there are unsettled claims or demands existing between him and the estate, which in the opinion of the court may be the subject of controversy or litigation between him and the estate, or persons interested therein, or any other cause, which in the opinion of the court renders it for the interest of the estate that such executor or administrator be removed."

It will be observed from the reading of this section that this power of removal vested in the probate court, is not an arbitrary one, but must be exercised in furtherance of the paramount end and aim of the law, and while the safety and effective administration of the estate is the paramount object to be accomplished, the court must not permit this consideration to control personal rights, or lead to the impeachment of the competency or integrity of an appointee, merely because some other person may be better qualified for the trust, unless upon the allegation and proof of such facts as would constitute a breach or mismanagement of the trust." First Woerner, paragraph 269.

Such proceedings are in the nature of a suit, and I take it that the same rules of practice applicable to pleadings in general are applicable here.

The executor or administrator has a right to answer and he is entitled to know definitely and specifically what he has to answer.

All the authorities that I have had the opportunity to examine are in accord with these views.

Woerner in his work on American Administration, volume 1, paragraph 272, says:

"Courts will not permit one who has no direct interest in the estate, or who cannot be benefited by the order which he prays for to prosecute for the removal of an executor or administrator. Hence it is required that in the petition or motion, the interest of the party presenting it shall be stated, and wherein it has been or is about to be effected by the party removed. And it is not sufficient to charge mismanagement, misapplication of the funds, or maladministration in general terms, but the facts must be stated which constitute the allege cause for removal, and must be supported by affidavit."

The following are a few of the leading cases referred to by the court announcing the same doctrine: Neighbors v. Hamlin, 78 N. C., 42; White v. Spaulding, 50 Mich., 22; Vail v. Givan, 55 Ind., 59; Huzzey Jr. et al. v. Coffin et al., Exrs., 1 Allen, 354; Winship v. Bass, 12 Mass., 199; Thayer v. Homan, 11 Met. 104.

As one of the grounds of error assigned is the overruling of the motion by the executor to require the petitioner to make her motion more definite and certain, it becomes important to know if the motion or petition was sufficient to invoke the jurisdiction of the court for the purpose to which it was aimed.

The motion is as follows:

"Now comes Louisa Keister and represents to the court that she is an heir at law of the said decedent, John Fox, and legatee under the will of the said John Fox, deceased, and as such is interested in the administration of said estate. And she now comes and moves the court to remove the said executor herein, on the grounds and for reasons following, to-wit:

"First. That said executor has been guilty of gross neglect of duty in the settlement of said estate.

"Second. That said executor is wholly and totally incompetent to settle said estate.

"Third. That said executor has been guilty of fraudulent conduct in the settlement of the said estate.

"Fourth. That there are unsettled claims existing between said executor, H. A. Fox, and the estate which will be the subject of controversy between him and said estate, or persons interested therein.

"Fifth. That said executor is wasting the funds of the estate.

"Sixth. That said executor has un-

necessarily and unreasonably delayed the settlement of said estate.

"Seventh. That said executor has misappropriated and misapplied funds belonging to the estate.

"Eighth. That said executor has converted the funds belonging to the estate, or a part thereof, to his own use."

It will be observed that the averment of interest in the estate by the petitioner and the charges against the executor upon which his removal is sought, are in the most general terms and in almost the exact language of the statute.

Is a charge in the language of the statute sufficient? I think that the answer to this question must be in the negative; that such a charge would not be sufficient in any other court of record and why should the rule be different in a proceeding of this class.

It is averred in the motion that Louisa Keister is an heir at law of the decedent, John Fox, and a legatee under his will, and is interested in the administration of the estate, but it does not appear in what way, or that she is entitled to any part of the estate on distribution. It may be that she has received her legacy or her full distributive share in the estate, and therefor, in law, has no pecuniary interest in the estate.

In the case of White v. Spaulding, above referred to, the Supreme Court of Michigan, Judge Cooley deciding the case, held that an averment that one of the petitioners was a widow of the deceased, and the further averment that two of the other petitioners were the principal creditors of the deceased, were not sufficient to show such interest in the estate as to warrant the court in the removal of the executor.

However, if this was the only ground of objection to this motion for removal, the court would be inclined to hold that the motion sufficiently set forth the interest of the applicant, but it is further objected that the charges are indefinite, uncertain and vague.

The first is "that the executor has been guilty of gross neglect of duty in the settlement of said estate." This is simply an assertion of a conclusion and puts neither the court nor the executor in possession of any facts showing wherein the executor has been guilty of gross neglect of duty. The same objection applies to the second, third, fourth, fifth, seventh and eighth grounds of removal.

True, this motion cannot be received as evidence, but that does not relieve the petitioner from fully disclosing the grounds of his complaint and placing the executor in a position to know what charges he has to meet.

Again referring to the case of White v. Spaulding, the court say:

"The petition was fatally defective in the first requisite of showing an interest in the petitioners. It was equally defective in its statement of the ground of complaint. The vague allegation of neglect of duty was not sufficient to put the administrator upon his defense, and he might have disregarded it altogether."

The court need not multiply authorities to convince the learned counsel in this case that such a vague and uncertain statement in a petition, at best mere conclusions, would be of little value and be subject to a motion to make it more definite and certain, or a dismissal of the petition on the ground that it stated no ground of complaint. Railroad v. Wilson, Ohio St., 557; 47 Ohio St., 566; 45 Ohio St., 583; 34 Ohio St., 467.

I am, therefore, of the opinion that the court erred in overruling the motion to require the petitioner to make her charges more definite and certain.

For the purposes of this case, the court probably need go no further; but inasmuch as the probate court, on the overruling of the motion to make more definite and certain, proceeded to hear the case upon the evidence, and inasmuch as no general objection was made to the introduction of *any* evidence, and as all the evidence is embodied in the bill of exceptions, and error is assigned, that evidence was admitted, under the objection of the plaintiff in error, to his prejudice, and that the evidence does not sustain the judgment of the court, I have carefully read all the evidence and ex-

amined all the exhibits, and will endeavor as briefly and as clearly as possible to state my conclusions upon the questions involved.

It appears from the bill of exceptions that testimony was directed first to showing that the executor was the purchaser of some of the real estate at his own sale, and I suppose this conduct of the executor is intended to be covered by the third ground or charge for removal—"That the said executor has been guilty of fraudulent conduct in the settlement of said estate."

I am not unmindful of the fact that the statute gives to the probate court a very broad discretion to remove any executor or adiminstrator when he becomes unsuitable to perform the duties of the office, either because his character or relations, business or social, have become such as to render it improbable that he can fulfill the duties of his office as they should be performed.

However, there must appear some ground for the exercise of this power, and before the court would be warranted in removing an executor for the cause of buying at his own sale, it must appear that there was some fraudulent intent in fact, on the part of the executor to benefit himself to the injury of the estate.

There is no question about the rule of law that an executor or administrator cannot buy at his own sale and that such purchase will be held to be for the benefit of the trust, regardless as to whether the sale was for the advantage or the disadvantage of the estate, or whether it was fraudulent or made in good faith. But while this is true, it cannot be said, that where an executor, after using all the efforts in his power to sell a piece of real estate, in good faith, for the purpose of saving costs to the estate, at the suggestion of others and with the knowledge of all those concerned, bids in the real estate without any intentional fraud on his part, that such conduct is sufficient to warrant the court in removing the executor under the charge of fraud.

The evidence does not disclose any fraudulent conduct in any particular on the part of the executor, in the disposition of the fifty-four and eighty-five acre tracts of land which were bid in by Schnaus, and afterwards transferred to one of the sons of the executor. It does not disclose that the property at the time of the sale, or now, is worth as much as the executor charges himself with, as having received from Schnaus. It does not disclose that Mrs. Keister has been injured by the maladministration, but it does disclose that the petitioner, and all others interested in the estate, were present at the different times this property was offered for sale; that they knew of the real condition of things; that they have made no objection to the probate court to the sale or to the amounts with which the executor has charged himself in his accounts as received from the sale; and it further appears that the executor has made a proposition in open court to reconvey the land to the persons interested in said estate, on their payment to him of the amount of money with which he charges himself, whereby all possible wrong can be righted, a duty which the court can require him to perform.

Woerner, in his work on Administration, under section 271 of the first volume, says:

"A trustee is not, at common law and under the law in most of the states, permitted to acquire property at the trustee sale; but such a purchase is not in itself proof of waste or mismanagement, and hence not a ground for the removal of an executor."

Nor can it be said to be any proof of fraud or maladministration, neglect of duty, wasting funds, misappropriation of funds or converting funds to his own use.

The next proposition to which evidence was directed is that in relation to attorneys' fees. It appears from the evidence that the executor, about the time he entered upon his duties as such, entered into a contract with a firm of lawyers in which they agreed to do the work necessary to close up the estate for three hundred dollars.

It further appears from the evidence that for reasons which appeared satisfactory to the executor, he released the attorneys from this contract and employed additional counsel, under the arrangement that they should have such compensation as the probate court might allow for their services. This conduct on the part of the executor is assigned as a ground for the removal and, I suppose, is intended to fall under the fifth ground of the motion, "That said executor is wasting the funds of said estate," in as much it appears from the evidence that the probate court has been liberal in allowing compensation for services of attorneys, not only to those employed by the executor but also to those employed by the heirs who are seeking his removal, to perform the same services.

The whole question of compensation to counsel employed by the executor is one for the probate court. A contract between the executor and his counsel would be a personal one and in no way could bind the court in fixing the compensation.

It could not be enforced by the estate nor against the estate. Such contract might be looked to by the court for the purpose of determining what would be a fair compensation, but further it could have no legal significance, except as between the parties individually.

I do not think that the mere fact alone, without any other evidence of misconduct, that an executor released a personal contract as to attorneys fees, which might incidentally have been an advantage to the estate, and thus left the question of compensation to the court, shows such maladministration as would justify the court in removing the executor.

In this case there is no evidence of any fraudulent conduct in the submission of the question of compensation to the court. No evidence of collusion between counsel and the executor. No evidence that the executor claimed for services not rendered.

It is not claimed that the fees allowed by the court were unreasonable. On the contrary, counsel stated they made no such claim of that kind.

While the fees paid to counsel by order of the court appear to this court excessive, yet the executor ought not to be impeached on account of the handsome fees paid to counsel, especially employed by the present objectors, out of the estate by order of the court, with the knowledge of all interested, including the plaintiffs in this suit, for services which were being performed by the counsel employed by the executors.

The practice of permiting heirs to employ counsel in such cases and have them paid out of the estate is to be condemned, but when paid by order of the court, the wrong, if any, should not be charged to the executor.

. The evidence shows that the claims for these fees were made to the court with the knowledge of the plaintiff and all concerned. That they were allowed by the court and paid without any objection. That the account of the executor showing and claiming such payments as credits was properly heard, passed and allowed with their knowledge and without a single intimation of dissent, and it is rather late in the day to ask a removal of the executor for the payment of expenses on the order of the court and to which they were privy.

The evidence is next directed to the repairs on the Hagerman mill. Is there anything under this head that sustains the charge of waste, misapplication of funds, etc. ?

The property repaired was a flouring mill depending for its salability upon its custom and good will. The will provides in item six: "I direct my executor to take full charge and control of the real estate I may own at my death, rent and manage the same, pay taxes and repairs thereon until the same is disposed of as provided by this will."

It is not denied but that the mill needed repair; it is not denied that the executor sought the advice of the probate court; it is not denied that he did what he did open and above board; that all parties had full knowledge of his doings and made no objections; it is not contradicted that the

executor, as soon as possible after his father's death, took steps to sell the mill at public auction; it is not claimed but that such sale was fair and open to all bidders, nor is there any evidence that the estate was injured by the repairs.

It seems to me that the time to object and ask removal was at the time the executor was doing the repairing and not wait to see where the cat jumped and then if it did not jump their way, object. These objectors not only did this but permitted the account containing these charges of repairs to be passed upon by the court and be approved by him.

I am unable to see from the evidence relating to repairs upon this mill where it supports either one of the charges. It shows that the executor acted under the direction of the will and court in a fairly prudent manner in good faith.

I do not think that the testimony shows any ground of removal under the fourth charge, "that there are unsettled claims existing between the executor and the estate," etc.

By law any debt owing by the executor to the estate becomes assets in his hands upon appointment and for which his bond is liable.

If the executor in this case owes the estate anything on account of the Dan Fox or the Williamson note, it is an easy matter—without the expense of a removal—to have the matter settled by exceptions to his account in the probate court.

All the parties concerned knew at the time the inventory was made, at the time it was filed, at the time the first account was filed, heard and allowed as much about these notes and the executor's indebtedness to the estate as they knew when they testified in this case, yet not a single exception or objection of any kind was made.

While such conduct does not estop, yet it is a circumstance that should be looked to as to the good faith in a case where an executor has proceeded to the very closing of the estate without objection.

"The Court," says Woerner in paragraph 271, volume 1, "will not re-move an administrator regularly appointed upon the suggestion of a party who was privy to the appointment that the administrator is indebted to the estate, which is denied by the administrator; the proper remedy being to surcharge the administrator's account in the probate court. 5 Pa. L. J. R., 139; Husy v. Coffin, exr., 1 Allen, 354; Winship v. Bass, 12 Mass., 199.

Before the court would be warranted in removing an executor, it must appear that it would be for the interest of the estate. This estate appears to be almost entirely settled. The assets have been collected. All the real estate, save a small piece in Florida, has been sold. The money collected and distributed among the heirs. The balance in the executor's hands apparently belongs to him on distribution. All the matters complained of, being past transactions and conduct, can be more easily reached and corrected by exceptions in the probate court, than by removal. All the errors of account, failure to charge himself with assets are subject to correction on exceptions. An executor may commit error of judgment and errors in his accounts or make mistakes in the construction of the will and the management of the estate, these the court will and must correct, but will not remove the executor unless there is wilful misconduct or improper disposition of the assets. 1 Woerner § 271; 18 S. C., 396; 32 N. J. Eqt., 692; 81 N. C., 195.

I do not think the evidence shows that the interest of the estate requires the removal.

The order of the probate court in removing the executor is reversed at the cost of defendants in error and cause remanded to probate court with order to sustain the motion to make the charges more definite and certain.

[The circuit affirmed the above judgment as well as the decision upon the question of jurisdiction (ante, page 216) at the May Term, 1899.]

J. I. Allread, for Plaintiff in Error.

J. C. Clark, Anderson & Bowman and Williams & Crickenberg for Defendants in Error.