---

(43 Misc. Rep. 233.)

### In re GOGGIN'S ESTATE.

#### (Surrogate's Court, Rensselaer County. March, 1904.)

1. ADMINISTRATORS WITH WILL ANNEXED—RIGHT TO LETTERS.

Code Civ. Proc. § 2643, relating to letters of administration with the will annexed where there is no executor qualified to act, provides in subdivision 3 that where the residuary, principal, or specified legatee, or the guardian of a minor, entitled to letters, either do not exist or will not accept administration, letters shall issue to one or more of the next of kin. *Held,* that such provision must be limited to such of the next of kin as are entitled to share in the unbequeathed assets of the estate, and who are therefore persons interested therein, and a person having no such right is to be excluded.

2. SAME—EXECUTOR OF SOLE LEGATEE.

Code Civ. Proc. § 2660, subd. 9, provides that administration in case of intestacy must be granted to an executor or administrator of a sole legatee named in a will whereby the whole estate is devised to such deceased sole legatee. Section 2643, subd. 2, gives the right of administration to one or more of the "principal or specified legatees." *Held,* that the sole legatee of an estate is entitled to take all that can be taken by a residuary, a principal, or a specified legatee, and hence his executor is entitled, under the above provisions of the Code, to letters of administration with the will annexed in preference to any other person.

Applications by Agnes M. Goggin and Samuel Goggin for letters of administration with the will annexed upon the estate of Henry J. Goggin, deceased. Decree granting letters to first-named applicant.

Thomas S. Fagan, for applicant Agnes M. Goggin.
John P. Curley, for applicant Samuel Goggin.

HEATON, S. Henry J. Goggin died testate, naming his mother, Maria A. Goggin, sole legatee and executrix. The will was probated. The mother qualified as sole executrix, and shortly thereafter died testate, naming her daughter, Agnes M., sole legatee and executrix. Such will has been duly proved, and the daughter, Agnes M., has qualified as sole executrix, and now petitions to be appointed administratrix cum testamento annexo on the estate of her brother Henry J., and her only brother, Thomas, joins with her in such application. The father, Samuel Goggin, also files a petition, and applies for such appointment, which is opposed by his two surviving children. The father admits that he has no interest in the estate of Henry J., but bases his application on the reading of subdivision 3, § 2643, of the Code, which, when there are no persons qualified to take under subdivisions 1 and 2, requires that letters be granted to one or more of the next of kin, and claims that, as he is nearer in kin to his son than is the sister or the brother, he is entitled to letters before them. The petitioner, Agnes M., alleges that she has become the sole owner of the estate of her brother through his will and that of her mother, and that a proper construction placed on section 2643 and subdivision 9 of section 2660 will require letters to be issued to her as executrix of a sole legatee.

Unfortunately the precise question here raised has not been decided by any appellate court since some recent important amendments to these sections of the Code, and a careful study of the decisions of the surrogates of the state discloses the fact that such decisions are not entirely harmonious. Section 2643 of the Code, which provides for granting letters with the will annexed, is plainly based upon the principle that he who has the interest in the estate which most needs protection from waste, extravagance, and incompetency shall be first entitled to control and manage such estate, and therefore the residuary legatee is given the prior right to administer. When experience showed that often an infant was a residuary legatee, such right was extended by the amendment of 1901 to his general guardian; thereby again indicating the intention of the Legislature to protect in such appointment a vested interest. Next in order of priority is the principal or specified legatee, and also by the amendment of 1901 the general guardian of an infant principal or specified legatee, following the principle that he who had an interest to protect should be in a position to furnish it protection. It will also be noticed that it was not the greatest money interest that was recognized, for often the general legatees have a greater money value in their interests than have the residuary legatees, but it was the interest of the residuary legatees in the careful management of the estate, since usually expenses and losses fall solely upon the residuary estate, or, if there be no such estate, then upon the estate given to the general legatees. This view of the principle upon which the section is founded is confirmed by the one case which has gone to the Court

of Appeals, namely, Matter of Lasak (Sup.) 8 N. Y. Supp. 740, where the opinion of Surrogate Coffin is reported, in which he says:

"The object of this statute in conferring a preference on the residuary legatees in such a case seems to be to place the administration in the hands of those whose interest is to see that the estate is administered honestly and without undue and careless waste."

The General Term, in affirming the order of the surrogate (8 N. Y. Supp. 740), uses this language:

"The purpose of the statute in preferring a residuary legatee as administrator is obviously because such person will ordinarily be interested in an economical administration of the estate."

This case was affirmed by the Court of Appeals, without opinion, in 121 N. Y. 706, 24 N. E. 1100.

Having ascertained, then, the principle upon which the section of the Code is based, let us examine subdivision 3 of the section, which provides that in a case where there are no persons qualified to take, or who will consent to receive letters under the two preceding subdivisions, such letters shall be granted to the "husband or wife, or to one or more of the next of kin, or to one or more of the heirs or devisees so qualified." The first two subdivisions provide the opportunity for the issuance of letters to interested persons under almost every will, and yet there are often conditions which result in there being unbequeathed assets which go to the surviving husband or wife, or to one or more of the next of kin. When there are unbequeathed assets, the husband or one or more of the next of kin are interested in the economical management and protection of the residue of the estate; and then the husband or wife, and such of the next of kin as are entitled in the definition of next of kin contained in section 2514, subd. 12, are entitled to apply for letters, and to have their respective rights to them adjudicated. There has been some confusion in the decisions of various learned surrogates, because it seems to have been assumed that the next of kin entitled to apply for and receive letters under this subdivision are any of those persons who could in any case be persons interested, and that the order of priority was the same as that fixed in section 2660 for general administration, while, on the contrary, a careful study of the section requires a construction that the words "next of kin" are used in this subdivision to mean only those who in any given case are entitled to share in the unbequeathed assets, and are therefore persons interested in the estate. Any other construction would often make it obligatory upon the surrogate to appoint an administrator c. t. a. who had no interest in the estate, and one whose feelings toward the recipients of the testator's bounty, from which he had been excluded, might make a most improper officer of the court, and a most incompetent and expensive trustee, acting solely for his fees. Confirmation of this contention is to be found in the provision of section 2643 that application for the appointment must be made by "a creditor of the decedent, or a person interested in the estate of the decedent, or having a lien upon any real property upon which the decedent's estate has a lien." Therefore a next of kin having no interest in the

estate is not authorized to petition. Notice must be given to "the other creditors and persons interested in the estate," which does not provide for notice to a next of kin having no interest in the estate.

Since it is admitted that the petitioner Samuel Goggin has no interest in this estate, as required by section 2643 to authorize him to present a petition praying for his appointment (section 2644), and since he is not entitled to appointment under either of the first four subdivisions of the section, his petition is dismissed, and his appointment under any of said four subdivisions denied. His right to be appointed under subdivision 5 is disposed of in considering the application of Agnes M. Goggin.

The applicant Agnes M. Goggin claims her right to letters under section 2660 of the Code (subdivision 9), where it is provided that administration in case of intestacy must be granted "* * * to an executor or administrator of a sole legatee named in a will whereby the whole estate is devised to such deceased sole legatee." Ever since this amendment was made in 1894, by inserting such subdivision in section 2660, it has been rightly considered as applying to section 2643, as affecting the granting of letters c. t. a., and as not applying to granting of letters in intestacy. Matter of Haug's Estate, 29 Misc. Rep. 36, 60 N. Y. Supp. 382; Matter of Moehring, 24 Misc. Rep. 418, 53 N. Y. Supp. 730. Since such subdivision 9 is to be read into section 2643, it only remains to determine where in such section it belongs, and what priority to give the executor or administrator of a deceased sole legatee. Subdivision 2 of section 2643 gives the right of administration to one or more of the "principal or specified legatees," and in Matter of Morgan, 2 How. Prac. (N. S.) 194, these words were defined as meaning "general," and to be descriptive of all legatees who are neither specific nor residuary. A specific legatee is one who has a bequest of a particular thing, distinguished from all others of the same kind. A general legatee is one who has a bequest of a specified quantity, payable out of the personal assets generally. It is apparent that the character of the interest of the sole legatee does not put him in either of these classes. A residuary legatee is one who takes what remains, or a portion of what remains, after satisfying all other gifts, charges, losses, and expenses. A sole legatee takes all that remains after satisfying all charges, losses, and expenses. It is plain, then, that the nature of the estate of the sole legatee partakes of that of a residuary legatee, and that he takes all that these three classes would take. Therefore the executor of a sole legatee is in theory entitled before either of such classes, and has a prior right over every other person, while in practice, of course, there can be no other class of legatees if the disposition of the whole estate is complete. The executrix of the sole legatee having, then, a right prior to that of any other person, letters may issue to Agnes M. Goggin upon filing a sufficient bond.

Decreed accordingly.