EXECUTORS AND ADMINISTRATORS ☞21 — LETTERS OF ADMINISTRATION — RIGHT TO.

Code Civ. Proc. § 2603, which contains an enumeration of the persons entitled to letters of administration with the will annexed, provides that they shall be issued to one or more of the residuary legatees, and section 2588 is made applicable. That section provides that letters of administration may be granted to one or more competent persons jointly with a person not entitled, upon consent of all persons entitled to share in the estate. Upon the consent of all interested, a decree that letters of administration should issue to a residuary legatee and two persons not interested in the estate was entered. Before the letters were issued, the residuary legatee died. *Held*, that the persons not entitled to share in the estate could not thereafter demand the issuance of letters.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 106–115; Dec. Dig. ☞21.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the estate of Thomas H. Faile. Application by Henry K. Pomeroy and another for the issuance of letters of administration with the will annexed. Application denied.

Brush & Crawford, of New York City, for petitioner.

FOWLER, S. This is an application for letters of administration with the will annexed. On the 9th of February, 1915, an order was made directing that letters of administration with the will annexed issue to Henry K. Pomeroy, H. Arthur Pomeroy, and Mary E. Pomeroy upon their executing a bond with sufficient sureties in the sum of $45,000. Mary E. Pomeroy was a residuary legatee under the will of the testator. Henry K. Pomeroy and H. Arthur Pomeroy were not legatees and had no interest in the estate. Subsequently to the entry of the decree, and before letters were issued to the persons therein mentioned, Mary E. Pomeroy died. Henry K. Pomeroy and H. Arthur Pomeroy now ask that letters of administration with the will annexed issue to them upon their complying with the provisions of the decree of February 9, 1915.

Section 2603 contains an enumeration of the persons entitled to letters of administration with the will annexed. It is there provided that letters shall issue to one or more residuary legatees, and section 2588 is made applicable to a proceeding brought under section 2603. Section 2588 provides that letters of administration may be granted to one or more competent persons jointly with, and upon the application of, a person entitled to such letters, "or to a competent person or persons not entitled, upon the consent of all the persons entitled to take or share in the estate." The moving papers contain the consent of all the persons entitled to share in the residuary estate that Mary E. Pomeroy, a person entitled to share in the estate, Henry K. Pomeroy, and H. Arthur Pomeroy, receive letters of administration with the will annexed; but there is no consent of such persons that letters of administration with the will annexed shall issue to Henry K. Pomeroy and H. Arthur Pomeroy, independently of their connection with Mary E. Pomeroy.

The decree heretofore entered was based upon the petition of a legatee who was entitled to letters of administration. Before letters were issued this legatee died. Therefore the decree became ineffective, because the necessary allegations upon which it was granted were fundamentally changed by the death of the petitioner. Those persons who were not entitled to share in the estate, but to whom the decree directed that letters issue in conjunction with the petitioner, are not now entitled to such letters. In order to entitle them to letters, it will be necessary for them to file a petition containing the consent of all of the persons entitled to take or share in the estate who are within this state and competent.