DIEDRICH ET AL. *v.* WAY, ADMINISTRATOR.

[No. 9,535. Filed April 10, 1918.]

1. TRIAL.—*Special Findings.—Scope.—Evidentiary Facts.*—Only ultimate issuable facts should be stated in a special finding, and mere evidentiary facts have no bearing on the conclusions of law stated upon a finding of facts. p. 378.
2. EXECUTORS AND ADMINISTRATORS.—*Removal of Administrator.— Discretion of Trial Court.*—A trial court's refusal to remove a duly appointed and qualified administrator, in the exercise of its discretion, will not be reversed on a mere showing that the court in its discretion might have removed him. p. 379.
3. EXECUTORS AND ADMINISTRATORS.—*Failure of Executors to Qualify.—Residuary Legatees.—Right to Petition for Administration.*—Residuary legatees under a will have a legal right to petition for the appointment of an administrator with the will annexed, after the executors named in the will have failed to qualify as required by law. p. 379.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Proceedings by Johanna Diedrich and another to revoke letters of administration issued to Othie Way, administrator with will annexed of Henry Diedrich, deceased. From a judgment for the administrator, the petitioners appeal. *Affirmed.*

*Sutherland & Smith,* for appellants.

*Frank E. Osborn, Lee L. Osborn* and *Kenneth D. Osborn,* for appellee.

FELT, J.—Appellants, Johanna Diedrich and Henry Diedrich, Jr., instituted proceedings in the Laporte Circuit Court to revoke the letters of administration issued to appellee, Othie Way, administrator with the will annexed of the estate of Henry Diedrich deceased. Issues were formed by an amended petition in two paragraphs, which were answered by general

denial. The gist of the petition was that there was no necessity for administration. The case was tried by the court, a special finding of facts was duly made, and the conclusions of law stated thereon in favor of appellee, to which appellants duly excepted. Judgment was rendered upon the conclusions of law from which appellants have appealed. The only error assigned is that the court erred in each of its conclusions of law.

The substance of the finding of the facts is as follows: On April 1, 1913, Henry Diedrich died testate in Laporte county, Indiana. By his last will and testament he provided for the payment of his just debts, the expenses of his last sickness and funeral, and disposed of the residue of his estate, in substance, as follows: He devised to his wife, Johanna Diedrich, all of his personal property and real estate during life, with power to sell the live stock at her discretion at any time, without any order of court. In item No. 3 he bequeathed $50 to each of three children in addition to the property given them by item No. 4 of the will. By item No. 4 he devised and bequeathed the residue of his estate to his children, fourteen in number, in equal parts. By the seventh item he namd appellants as executors of his last will and testament. The other provisions of the will are unimportant for the purposes of this appeal. The court also found that Johanna Diedrich was the widow of decedent, and that Henry Diedrich, Jr., was his son; that the will was duly probated in the Laporte Circuit Court on April 4, 1913; that immediately after the funeral, appellants and a part of the children of decedent, including Anna Hollandsworth, Edward Bevridge, husband of Minnie Bev-

ridge, and Mary Linard went to the office of W. H. Becher, where the latter read the will of decedent in their presence and hearing; that after the will was so read Anna Hollandsworth and Mary Linard left the office, and thereafter said Becher stated to the appellants that as there were no debts to be paid they need not qualify as executors, and they did not do so at any time; that the aforesaid widow paid the expenses of the sickness and funeral of decedent; that she collected debts due the estate aggregating $125, but used all of such money in paying the debts and expenses of the estate as aforesaid; that she also bought, and paid for, with her own money, a monument for decedent, costing $550; that on March 27, 1914, Anna Hollandsworth, Minnie Bevridge and Mary Linard, children of the deceased, and beneficiaries under the aforesaid will, filed their petition in the Laporte Circuit Court asking for the appointment of Othie Way, as administrator, with the will annexed of the estate of Henry Diedrich, deceased, in which petition they alleged that the executors named in the will had failed to qualify as such, and that the widow of decedent was handling and disposing of the personal property left by decedent; that their interests in the estate were such that an administrator with the will annexed should be appointed; that no notice was given to appellants of the filing of said petition, and the court on the day said petition was filed acted thereon and appointed Othie Way administrator as aforesaid; that he duly qualified on said day, and thereafter on April 10, 1914, appellants filed their petition to revoke the letter and remove said administrator from his trust; that on March 27, 1914, there were no assets of said estate to be col-

lected, no debts due the estate, and no debts of the estate unpaid; that Othie Way is acting as such administrator of the aforesaid estate by appointment of the Laporte Circuit Court, and has not resigned therefrom.

The court stated as its conclusions of law: (1) That the petitioners for the removal of said administrator take nothing by their petition; that the law is with the administrator so appointed, and his letters should not be revoked, and he should not be discharged, as prayed in said petition; (2) that petitioners should pay the costs occasioned by their petition aforesaid.

Appellants state that the trial court erred in its conclusions of law because there was no necessity for the issuance of letters of administration on said estate; that at the time of appellee's appointment there were no assets of said estate to be collected, no debts to be paid, and the widow was only doing with the personal property of decedent that which she was authorized to do by the will; that there was an understanding or agreement between the interested parties that there was no need of administration on said estate, and that the executors named in the will need not qualify as such.

There is no finding that supports the contention as to the alleged agreement, and therefore we need not and do not consider the legal effect, if any, of 1. such an agreement. Only ultimate issuable facts should be stated in a special finding, and mere evidentiary facts have no bearing on the conclusions of law stated upon a finding of facts.

The finding of facts shows no legal reason for appellants' neglect or failure to qualify as executors

under the will. It shows that appellee was

2. duly appointed by the court having probate jurisdiction of the estate; that he duly qualified and was acting in pursuance of his appointment so made when the petition for his removal was filed. Appellants have not shown any statutory ground for his removal as provided in §2762 Burns 1914, Acts 1883 p. 151; *Vail* v. *Givan* (1876), 55 Ind. 59, 64.

But appellant, in effect, contends that the court had the discretionary power to remove appellee. In *Vail* v. *Givan, supra,* it is stated that all grounds for removal of executors are statutory. In *McFadden* v. *Ross* (1884), 93 Ind. 134, 138, it is said: "In the appointment as well as the removal of executors and administrators, a large discretion is, from the very nature of those duties, devolved upon the circuit courts." Whether there is any necessary conflict in the above decisions we need not determine in this case, for if it be conceded that the court in its discretion might have removed appellee, such showing alone would not justify a reversal of the judgment in this case. It may be conceded that the facts found indicate that there was no great necessity for appellee's appointment. But the petitioners were

3. residuary legatees under the will, and had a legal right to petition for the appointment of an administrator with the will annexed, after the executors named in the will had failed and neglected to qualify as required by law. Considered from the standpoint of the discretionary power of the court, the finding of facts shows no such abuse of that power as would warrant this court in reversing the judgment. §2741 Burns 1914, §2226 R. S. 1881; §2742 Burns 1914, Acts 1901 p. 281; *Holtz* v. *Mercantile,*

*etc., Sav. Co.* (1912), 53 Ind. App. 194, 199, 100 N. E. 398; *Bowen* v. *Stewart, Admr.* (1891), 128 Ind. 507, 26 N. E. 168, 28 N. E. 73; *Vail* v. *Givan, supra; Croxton* v. *Renner* (1885), 103 Ind. 223, 226, 2 N. E. 601; *Wallis* v. *Cooper* (1890), 123 Ind. 40, 23 N. E. 977; *Shrum* v. *Naugle* (1898), 22 Ind. App. 98, 53 N. E. 243; 18 Cyc 169; 1 Henry, Probate Law §§24, 26, 31, 32, 45, 49, 121, 122, 132, 134.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 223. See under (2) 18 Cyc 170; (3) 18 Cyc 119.