Whether letters of administration with the will annexed should be granted to respondent or to appellant is the question to be answered by the court. The correct answer to this question would seem to depend on the statutory provisions in Montana (secs. 10117, 10068, Rev. Codes 1921), and on the general rule of law as the same has been established by the decisions of courts of last resort. From the foregoing sections, particularly section 10068, it is to be seen at a glance that in order to be entitled to letters of administration the applicant must not only be a relative, but he or she must be entitled to succeed to the personal estate, or some portion thereof, of the deceased.
At the time respondent Vance became eligible to take under his sister's will, he was not entitled to succeed to her personal estate or any portion thereof, for the very simple reason that the estate did not possess any personal estate for him to succeed to. Kern, as he had a perfect right to do under the terms of the will, had disposed of all of the property left by her. There has been no decision upon this particular question by this court so far as we have been able to ascertain, but there are a good many well-considered opinions by the supreme court of the state of California on the proposition, and in connection with a statute on all-fours with the one involved here and the rule announced by the California court is squarely to the effect that where application for letters of administration with the will annexed is made by a relative not entitled to succeed to the personal estate, or any portion thereof, and a residuary legatee or devisee, a stranger to the blood but entitled to succeed to the personal estate, the letters should follow the property and should be issued to the residuary *Page 445 
legatee though he be a stranger to the blood. This is also the rule announced generally by the courts in the United States. (Inre Crites' Estate, 155 Cal. 392, 101 P. 316; In reWinbigler's Estate, 166 Cal. 434, 137 P. 1; In re Smith'sEstate, 125 Okla. 104, 256 P. 726; In re Li Po Tai's Estate, (Cal. Unrep.) 39 P. 31; In re Mahoney's Estate, 85 Cal.App. 675,259 P. 1016; In re Wyman's Estate, 182 Cal. 645,189 P. 267; In re Paulsen's Estate, 179 Cal. 528, 178 P. 143;In re Faile's Estate, 98 Misc. 682, 152 N.Y. Supp. 463, 14 Mills, 101; Diedrich v. Way, 67 Ind. App. 375, 119 N.E. 223;In re Booraem's Estate, 55 N.J. Eq. 759, 37 A. 727; In reGoggin's Estate, 43 Misc. 233, 88 N.Y. Supp. 557; 24 C.J., p. 1161; 1 Bancroft on Probate Practice, sec. 245.)
This is an appeal from an order of the district court of Ravalli county, appointing Samuel R. Vance administrator with the will annexed of Cynthia J. Kern, deceased.
Cynthia J. Kern died testate, in Ravalli county, on November 17, 1927. She left an estate consisting of both real and personal property. Part of the real estate was subject to written contract of sale to one Paul D. Lear. This contract was dated April 1, 1927, and was entered into between Lear and deceased in her lifetime. It has never been consummated; Lear still owes money on it. Another portion of the real estate was subject to written contract of sale to one James Weber. This contract was made January 3, 1917. It has never been consummated; Weber still owes money on it. In addition to the property involved in these two contracts of sale, Cynthia J. Kern at the time of her death owned realty and personal property located at Hamilton, Montana. In her last will and testament she nominated her husband, Milburn *Page 446 
G. Kern, as the executor thereof. She gave, devised and bequeathed to him all of her estate, both real and personal, "to have and to hold the same during his natural life, with the power, however, to him to sell and convey all or any part thereof, and to mortgage the same or any part thereof, and to use the proceeds thereof to all intents and purposes as if he were the owner thereof in fee"; and, if any thereof remained at the time of his death, the same was devised and bqueathed to his heirs, and to the heirs of the deceased, Cynthia J. Kern, share and share alike. The will was admitted to probate on July 19, 1929. Letters testamentary were issued to Milburn G. Kern. He immediately qualified as executor and acted as such until his death.
On January 10, 1931, Milburn G. Kern married Ada Kern, appellant herein. Some time after his second marriage Milburn G. Kern became afflicted with a fatal disease. During this illness he was treated in several different hospitals. He had not completed the administration of the estate of Cynthia J. Kern at the time of his death, and no property had been distributed to him. After his second marriage he made an agreement with his then wife, appellant, whereby she promised to support him, pay his bills, nurse him during his sickness, care for him in the manner that he had been used to living, and pay his funeral expenses, and in consideration of these things Kern, by instruments in writing, sold, transferred and assigned to appellant all his right, title and interest as beneficiary, devisee and legatee in the property formerly owned by Cynthia J. Kern and then in process of administration by him as executor of the estate.
It appears that appellant did care for and support Kern until he died, and that she paid his hospital bills, etc. Kern died on April 30, 1933, and left the administration of the estate of Cynthia J. Kern unfinished. Thereafter appellant applied for letters of administration with the will annexed of the estate of Cynthia J. Kern, deceased. The heirs of the latter filed objections to her appointment. Samuel R. Vance, a brother and heir of Cynthia J. Kern, also applied for letters. *Page 447 
After a hearing held on both petitions, Vance was appointed administrator with the will annexed of the Cynthia J. Kern estate. Ada Kern has appealed from the order making that appointment.
Appellant contends that "all the property belonging to the estate of Cynthia J. Kern having been disposed of, transferred, sold and assigned to her by the devisee, legatee and beneficiary of the estate, the respondent, Vance, even though he is a brother of deceased, is not entitled to succeed to her personal estate, or any portion thereof, and therefore is not entitled to letters of administration of the estate of Cynthia J. Kern."
It was suggested in the argument that there is no property left in the estate, and that therefore there is no estate to be further administered. It appears, however, that the estate was appraised at $7,000, that there are debts due from the estate, that an inheritance tax is due to the state of Montana, and that no account has ever been made or filed by the executor. Obviously, these facts make it imperative that someone be appointed to complete the administration.
The law jealously guards against a contingency wherein no account has been made by a deceased executor. Section 10295, Revised Codes 1921, as amended by Chapter 11, Laws of 1927, goes to the extent of providing that in such a case the personal representative of such deceased executor may be compelled to render an account on his behalf. In any event, it is plain that the estate is left without an administrator or executor, and that someone must be qualified to act. In such a situation, sections 10117 and 10057, Revised Codes 1921, come into play.
Section 10117 provides as follows: "If all such executors or administrators die or become incapable, or the power and authority of all of them is revoked, the court or judge must issue letters of administration, with the will annexed or otherwise, to the widow or next of kin, or others, in the same order and manner as is directed in relation to original letters of administration. * * *" *Page 448 
Section 10057 provides, in part, as follows: "If the sole executor or all the executors are incompetent, or renounce, or fail to apply for letters, or to appear and qualify, letters of administration, with the will annexed, must be issued as designated and provided for the grant of letters in cases of intestacy."
The two petitions for letters bring us to a consideration of the respective rights of the applicants. Their claim to preference and priority, as we have indicated, must be decided by a consideration of the provisions of the applicable general statute.
Section 10068, Revised Codes 1921, reads as follows:[1, 2] "Administration of estates of all persons dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof, and they are, respectively, entitled therein in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. 2. The children. 3. The father or mother. 4. The brothers. 5. The sisters. 6. The grandchildren. 7. The next of kin entitled to share in the distribution of the estate. 8. The public administrator. 9. A creditor. 10. Any person legally competent.
The applicant Ada Kern is not related to the deceased Cynthia Kern in any of the degrees mentioned in subdivisions 1 to 7, inclusive, of the section. She is not related in any way to the deceased, although she was married to the surviving spouse of Cynthia J. Kern. She is not claiming a right as public administrator; neither is she a creditor of deceased or her estate. The record indicates that she may be a creditor of Milburn G. Kern, now deceased; but that fact, if it be taken as a fact, does not create the relation of debtor and creditor within the contemplation of the statute. By elimination, Ada Kern must be held to be an applicant under subdivision 10 of the statute, to-wit, "a person legally competent."
Petitioner Vance assumed to come under subdivision 4 of the statute. He is a brother of the deceased Cynthia J. Kern. *Page 449 
He alleged rights as an heir entitled to share in the property of the estate. The fact of his relationship is not controverted. The claim of a right to share in the distribution of the estate is resisted on the ground that Milburn G. Kern, acting within his rights under the will of Cynthia J. Kern, had disposed of the property of the estate to Ada Kern. We may assume such to be the fact, although it is not necessary to decide that question here, and therefore have a situation wherein Vance must be classed as a "person legally competent," and ipso facto, also an applicant under subdivision 10 of section 10068, supra.
We then find both applicants occupying the status of petitioners under the same subdivision of the statute. They both stand before the court as persons legally competent. The probate court granted the petition of Vance and refused that of Ada Kern. Was this error? We think not. Section 10069 provides for just such a contingency, in the following language: "Of several persons claiming and equally entitled to administer, males must be preferred to females, and relatives of the whole to those of the half blood."
Vance had a preference as a male, and the court proceeded properly in recognizing it. Even without the benefit of that right the court was not in error, because another statute supports it, Section 10070 reads as follows: "When there are several persons equally entitled to the administration, the court or judge may grant letters to one or more of them." Under that statute the court had discretion to decide which one of the applicants should be appointed.
These sections have been construed by this court so often that it is unnecessary to enter into a lengthy discussion of them or of the cases heretofore decided. Only recently, in a case decided at the present term of the court, these provisions were given consideration and many cases cited. (See In re Rinio's Estate, ante, p. 344, 30 P.2d 803.)
It will be observed that we have not assumed to construe the effect of the transfers made by Milburn G. Kern to his second wife, Ada Kern. We do not deem such an attempt proper or timely on the record before us. Indeed, we are *Page 450 
unable to see how such a determination would have any controlling effect in the matter of the rights of the respective petitioners to administer the estate of Cynthia J. Kern, deceased, which is the only question now before the court. The estate must be fully administered, and the statutes are controlling as to the rights and preferences of the applicants.
There is nothing in the record to indicate that the lower court abused its discretion. The order appealed from is affirmed.
MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and ANDERSON concur.