Filed Oct. 8, 1885.

---

No. 12,183.

## CROXTON *v.* RENNER.

DECEDENTS' ESTATES.—*Jurisdiction to Grant Letters of Administration Statutory.*—The jurisdiction of a court to grant letters of administration on a decedent's estate is derived from the statute, and can only be exercised in the cases provided for thereby.

SAME.—*Discretion of Court.— Power to Revoke Letters Wrongfully Issued.*— Whenever a court has issued letters of administration which are not authorized by the express provisions of the statute, such court may, of its own motion, upon the application of any person interested, or upon the suggestion of an *amicus curiæ,* revoke or set aside the letters so issued, such issue being *coram non judice* and void.

SAME.— *Administrator de bonis Non.— Statute Construed.-- Final Settlement.*— Sections 2240 and 2254, R. S. 1881, only authorize the courts to issue letters of administration *de bonis non* where a vacancy occurs in the administration of an estate before the final settlement thereof; and so long as the final settlement of an estate remains in full force, letters of administration *de bonis non* can not be issued.

From the Steuben Circuit Court.

*J. A. Woodhull* and *W. M. Brown,* for appellant.
*C. A. O. McClellan* and *D. A. Garwood,* for appellee.

HOWK, J.—In this case the appellant, Croxton, the defend-

ant below, has assigned upon the record of this cause as errors the following decisions of the circuit court:

1. In overruling his demurrer to appellee's petition herein;

2. In sustaining appellee's demurrer to the second paragraph of his answer; and,

3. In rendering judgment on the pleadings, revoking the appellant's letters of administration.

We will consider and decide the questions arising under these alleged errors in the order of their assignment.

1. In his petition the appellee, Renner, an infant, by his next friend, represented to the court that he was a minor and resided in Steuben county, Indiana; that on the 28th day of November, 1884, the appellee found upon the ground in one of the streets of the village of Hamilton, in such county, the sum of $723.50 in money, where it had been lost by some one then and since unknown to appellee, and, not knowing to whom such money belonged, he, on November 29th, 1884, deposited a part thereof, to wit, $650, in the Angola bank; that, after leaving such money in such bank for a period of thirty days, and not being able to ascertain to whom it belonged, the appellee demanded the money from such bank, and the bank refused payment thereof, alleging that William G. Croxton, who pretended to be the administrator *de bonis non* of the estate of Richard Colton, deceased, claimed to be the owner of such money as such administrator; that the appellant, Croxton, as such administrator, notified such bank not to pay such money to the appellee; that on the 7th day of January, 1885, appellant, Croxton, as such administrator, instituted an action in the court below against the Angola bank to recover the identical money; so deposited by appellee, as the money of such decedent, which suit was still pending in such court.

And the appellee further showed that said Richard Colton died in Steuben county, on or about the — day of ———, 1864, intestate, leaving assets in such county of the value of $13,000, or more; that one Harlow J. Carpenter, a resident

·of such county, and a competent person, on the 11th day of June, 1864, was duly appointed administrator of the estate of said Richard Colton, deceased, duly qualified as such, and that on the 7th day of September, 1864, such appointment was duly confirmed by the common pleas court of Steuben ·county ; that said Carpenter, as such administrator, took possession of the assets of said estate, reduced them to money, and fully settled such estate, and, on the 8th day of May, 1868, made out and presented to the common pleas court of Steuben county, in open court, his final settlement report; which report was accepted and approved by such court, said estate declared finally settled, and said administrator fully discharged from his trust, which final settlement remained unrevoked and in full force ; and that the said estate so settled was the same estate of which the appellant Croxton claimed to be administrator *de bonis non.*

And appellee further showed that the appellant, Croxton, for the sole purpose of getting possession of such money so found by appellee, procured himself to be appointed administrator *de bonis non* of such estate of Richard Colton, deceased, at the last term of the court below; which appointment and the confirmation thereof were made upon the same day and at the same time, without the knowledge of appellee, who had no opportunity to object to such appointment; and the appellee averred that such appointment and confirmation were made without authority of law and were void, and that further administration upon said estate should not be permitted, and he asked that such letters of administration *de bonis non,* issued as aforesaid to the appellant, Croxton, should be revoked and set aside, and that he be removed.

The appellant, Croxton, demurred to appellee's petition upon the ground that it did not state facts sufficient to constitute a cause of action.

Appellant's counsel say in their brief of this cause, that " the principal question involved in this case arises on the demurrer

to the petition;" and, we may properly add, this is the only question upon which they rely in argument for the reversal of the judgment below. It is shown by the record that after the appellant had withdrawn his answer, in general denial, the cause was submitted to the court for trial upon the appellee's verified petition or complaint; and that the court found that the appointment of appellant, Croxton, administrator *de bonis non* of the estate of Richard Colton, deceased, ought to be vacated and set aside, and judgment was rendered accordingly. It is claimed in argument that the court below had jurisdiction to issue letters of administration; that, in the exercise of such jurisdiction, the court issued the letters of administration *de bonis non* to the appellant upon the estate of Richard Colton, deceased; that the only remedy of any person aggrieved by such action of the court was an appeal to this court within the time and in the manner prescribed by the statute; and that however wrongful, illegal, improvident or erroneous may have been the action of the court below in the issue of such letters, such court can not, upon the application of an aggrieved party, or upon the suggestions of an *amicus curiæ*, or upon its own motion, vacate, annul or set aside the letters so issued.

This question was considered by this court to some extent, at least, in *Jeffersonville R. R. Co.* v. *Swayne's Adm'r*, 26 Ind. 477. It was there held, *inter alia*, that the jurisdiction of the court to grant letters of administration is derived from the statute, and can only be exercised in the cases provided for thereby. If this point is well decided, as it surely is, it must follow, we think, that whenever the court has issued letters of administration, which are not authorized by, but directly contravene, the express provisions of the statute, such court may, of its own motion, or upon the application of any person interested, or upon the suggestion of an *amicus curiæ*, revoke, annul or set aside the letters so issued; for, in such case, the issue of the letters is *coram non judice* and void.

The only statutory provisions of this State which authorize the issue of letters of administration *de bonis non* upon a decedent's estate will be found in sections 2240 and 2254, R. S. 1881, in force since September 19th, 1881. An examination of these sections of the statute clearly shows that they only authorize the courts to issue letters of administration *de bonis non* in a case where a vacancy occurs in the administration of an estate before the settlement of such estate is finally completed and established by the judgment of the proper court. This is the doctrine of the well considered case of *Pate* v. *Moore*, 79 Ind. 20, which is decisive, we think, of the case in hand adversely to the appellant. It was there said: "It necessarily follows that so long as the final settlement of an estate remains unrevoked, and in full force, letters of administration *de bonis non* can not be issued on such estate, nor can any further administration upon such estate be permitted by any executor or administrator, however appointed." See, also, *Vestal* v. *Allen*, 94 Ind. 268.

We find no error in the record of this cause.

The judgment is affirmed, with costs.

