Filed Jan. 26, 1894.

---

No. 941.

TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD COM-
PANY *v*. REEVES.

DECEDENT'S ESTATE.—*Letters of Administration.*—*When and Where May be Granted.*—*Resident Dying Leaving no Assets in the State.*—Letters of administration may be granted under subdivision 1, section 2228, R. S. 1881, in the county where, at his death, the intestate was an inhabitant, leaving no assets in the State, and none coming into it afterward. One of the various reasons for administration, under such circumstances, may be to prosecute some claim of indeterminate value, as for the death of the intestate, as provided by section 284, R. S. 1881.

Toledo, St. Louis and Kansas City Railroad Company *v.* Reeves.

SAME.—*Administrator, Cause for Removal of.—Discretion, Abuse of.—Inventory.—Bond.*—The failure of an administrator to give bond or to file an inventory in the time required by statute, or, if no assets, a statement showing such fact, is good ground for removal; but as to such matters the circuit court has a wide discretion, and unless a clear abuse of discretion is shown, the action of the court will not be disturbed on appeal.

From the Montgomery Circuit Court.

*S. O. Bayless* and *C. G. Guenther*, for appellant.

*G. W. Paul, M. D. White* and *W. M. Reeves*, for appellee.

REINHARD, J.—The appellant filed, in the court below, a petition for the revocation of letters of administration, that had been issued to the appellee, and for his removal as such administrator. The ground relied upon in such petition is that the decedent had no estate in the county or State in which the letters were granted at the time of his death, although at such time he was an inhabitant of the county. It is shown that the purpose for which the letters were issued was to enable the appellee to prosecute an action for negligence against the appellant for causing the decedent's death.

It was stated in the petition that said appellee had never filed an inventory of his decedent's estate, although the statutory period for filing the same had expired. The appellee's application for letters, and the order of the court granting the same to him, were set out in the petition. The court sustained a demurrer to the appellant's petition, and the correctness of this ruling is the only question presented for our determination.

The proceedings for the appointment of an administrator, in this State, are purely statutory, and must be conducted in conformity to the statute governing the same. Henry Ind. Prob. Law, p. 4; *Croxton* v. *Renner*, 103 Ind. 223.

The statute under which administrators are appointed provides that letters may be granted in the county—

1. Where, at his death, the intestate was an inhabitant.

2. Where, not being an inhabitant of this State, he leaves assets.

3. Where, not being an inhabitant, and dying out of the State, he leaves assets.

4. Where, not being an inhabitant, he dies out of the State, not leaving assets in any county thereof, but assets of such intestate shall afterward come into it.

5. But where, not being an inhabitant, he shall die out of the State, leaving assets in several counties, etc. R. S. 1881, section 2228.

The section of the statute above set out was first enacted, in practically its present state, under the revision of 1843. R. S. 1843, section 92, subd. 1.

According to the showing in the petition, the power of the circuit court to grant letters in the present case does not fall within any of the provisions contained in any of the subdivisions of section 2228, *supra*, unless it be under the first subdivision, as in all the subsequent ones it was necessary that the intestate should have died the owner of some assets.

As preliminary to the determination of the question now in hand, it may be stated as the settled law of this State:

1. That the appellant has such an interest in the subject-matter of the proceeding to revoke the letters of the appellee as entitles it to institute and maintain the same in a proper case.

2. Where the decedent is not a resident of the State, and has no assets at the time of the application for letters, such letters may not properly issue, but if they are nevertheless issued, the act is *coram non judice* and void,

and the letters will be revoked in a proceeding such as this. *Jeffersonville R. R. Co.* v. *Swayne's Admr.*, 26 Ind. 477.

We proceed to determine whether the court has power to grant letters of administration in a county of this State where the intestate was, at the time of his death, a resident, leaving no assets in the State and none coming into it afterward. That the court has such power under the plain letter of the first subdivision of section 2228, *supra*, we think must be obvious. There is, in that subdivision, no condition annexed to the power of granting such letters other than the one that the intestate must have been an inhabitant. It is not required, in terms, that he should have had some assets or that assets belonging to him should have come into the State after his death. The clause under consideration stands alone, and is in no manner connected with or dependent upon the following subdivisions regarding the requirement that he must have had assets.

With the statute so clear and unambiguous, it would seem that there need be no difficulty in reaching the conclusion that the appellee's appointment was authorized. It is urged, however, that in cases where an intestate had no assets to administer, the Legislature could not have intended to confer on the circuit court the power of granting letters of administration, inasmuch as it would be useless and profitless to have an administrator where no assets are to be administered. But we are not able to say that the appointment of an administrator may not subserve a useful purpose, even where there are no tangible assets to administer. There are instances in which such appointment may become proper and necessary in order to prosecute some claim of indeterminate value, or to make satisfaction of record of a claim which had been paid but not satisfied, and perhaps for other purposes.

It is further contended that because section 2260, R. S. 1881, requires the filing of an inventory within sixty days after the appointment, and section 2242, the filing of a bond of not less than double the value of the personal estate to be administered, it must have been contemplated by the Legislature that in every case where an administrator is appointed there must be some personal property to be administered. We do not think this conclusion necessarily follows. The filing of the inventory is required, doubtless, to enable the court to determine the extent of the assets of the estate, and if none such exist when the inventory is to be filed, it should be so stated in the writing which is filed in lieu of the inventory. Some bond should also be filed, so as to hold the administrator to a responsibility in the performance of his duties. A failure to file these is good ground for removal, but, as to such matters, the circuit court has a wide discretion, as it likewise possesses in the matter of the appointment, and unless a clear abuse is shown, the action of such court will not be interfered with on appeal.

The statute under which appellant says, in its petition, that the appellee is proceeding to recover damages for causing the death of the intestate, provides that when the death of one is caused by the wrongful act or omission of another, the personal representative of the dead person may maintain an action for damages against the wrongdoer, if such deceased person, had he lived, might have maintained against such wrongdoer a similar action for an injury for the same act or omission. R. S. 1881, section 284.

The words "personal representative" here undoubtedly include an administrator, and we are of opinion that he may be appointed for the purpose of prosecuting such an action. His appointment, in such cases, is not to make

assets for the estate of the deceased, for the section cited further provides that the damages must enure to the exclusive benefit of the widow and children, if any, or next of kin.

The administrator, in such cases, does not represent the creditors of the estate, being merely a trustee for those entitled to the damages for the purpose of collecting and disbursing the same. While it is true that the right of action is, strictly speaking, no part of the assets of the estate proper, yet the action may result in a fund belonging exclusively to the widow and children or next of kin of which the administrator becomes the trustee.

The right to maintain such an action did not exist at common law, as in cases of personal injury the cause of action expired with the death of the injured party. The statute under which the right of action is conferred was enacted by the revision of 1852. 2 R. S. 1852, p. 205, section 784.

At that time, the statute granting the power to appoint an administrator in the county where the deceased was an inhabitant at his death, without assets, was in force. It must have been the view of the law-making body that a remedy then existed in favor of all persons affected by the act, otherwise the right to maintain the action would have been extended to parties that might be injured and did not then possess such right. While legislative interpretation of a statute is not usually given great weight, it is not, especially in doubtful cases, without its influence upon the courts.

We are loth to believe that the Legislature intended to confer the right of action upon an administrator, when, at the same time, there was no power in the court to appoint one for the purpose of instituting such action. If the contention of appellant's counsel should prevail, no action could ever be maintained under section 284, *supra*,

if the deceased was without assets. The result of such a ruling would be that the families of those unfortunates whose death is brought about by the misconduct of others, and without fault of their own, and who die without property, would be absolutely without remedy, and the salutary provision of the statute could never be invoked with success, in behalf of their indigent families, while those who have property left them would alone be benefited by the enactment.

Our opinion is that the court had ample authority to grant letters of administration to the appellee, and that the court below committed no error in sustaining the demurrer to the appellant's petition.

Judgment affirmed.

Filed Nov. 3, 1893; petition for a rehearing overruled Jan. 26, 1894.