Hillsborough, }
  Dec., 1894. }

TILTON, *Ap't, v.* O'CONNOR, *Adm'r.*

The power of the probate court of the county in which a deceased person was last an inhabitant, to appoint an administrator of his estate, is not affected by the pendency of proceedings in another county for the appointment of an administrator there.

APPEAL, from a decree of the judge of probate, appointing the defendant administrator of the estate of Mary E. Kelley, who died July 21, 1893, at East Kingston, while on a visit. She was last an inhabitant of Manchester, where she had real and personal estate. Upon the petition of the plaintiff, one of her heirs, filed September 21, 1893, the judge of probate of Rockingham county appointed one Stearns administrator on the eleventh day of October. September 26, 1893, Hurd, another heir, petitioned the judge of probate of Hillsborough county for the appointment of an administrator. After a hearing upon this petition the defendant was appointed. The plaintiff alleged as a reason of appeal, that at the time of the filing of the petition in this proceeding a similar petition was pending in the probate court of Rockingham county. The court affirmed the decree, and the plaintiff excepted.

*Eastman, Young & O'Neill,* for the plaintiff.

*Denis F. O'Connor* and *John P. Bartlett,* for the defendant.

*Per Curiam.**  The "granting of administration on the estate of a person deceased shall belong to the judge of probate for the county in which such person was last an inhabitant." P. S., c. 182, s. 8. The fact, that when the petition for the appointment of an administrator was filed in the probate court of Hillsborough county, a similar petition was pending in the probate court of Rockingham county, is immaterial. Priority in the filing of the petition did not determine the question of jurisdiction. As the decedent was last an inhabitant of Hillsborough county, the probate court of that county was authorized to appoint an administrator of her estate.

*Exception overruled.*

CHASE, J., did not sit : the others concurred.

---

* See foot-note on page 22.