RAZOR, ADMINISTRATOR, v. MEHL, ADMINISTRATOR.

[No. 3,106.   Filed April 17, 1900.   Rehearing denied Nov. 27, 1900.]

EXECUTORS AND ADMINISTRATORS.—*Letters of Administration Issued in Wrong County.*—Letters of administration issued in a county where property of decedent was situate, but other than the county in which decedent maintained his domicil at the time of his death, are not void but voidable only.   *p. 646.*

SAME.—*Letters of Administration.*—*Revocation.*—Letters of administration issued in the county of which decedent was an inhabitant at the time of his death confer no authority to the one to whom they are issued to institute proceedings to revoke letters previously issued in another county.   *pp. 646, 647.*

From the Elkhart Circuit Court.   *Affirmed.*

*L. W. Vail, S. J. North* and *E. D. Salsbury,* for appellant.

*E. A. Dausman,* for appellee.

COMSTOCK, J.—The petition in this cause alleges that John L. McPherson died intestate on the 30th day of November, 1898, at Kosciusko county, Indiana, of which county he had been an inhabitant since "his removal to said county in the month of September, 1898, from Elkhart county"; that the petitioner was, on the 16th day of January, 1899, appointed administrator of said decedent's estate by the Kosciusko Circuit Court; that decedent, at the time of his death, was the owner of a farm and some personal property situate in Elkhart county; that on the 12th day of December, 1898, Abraham C. Mehl (appellee) "was duly appointed by the Elkhart Circuit Court administrator of the estate of the decedent, all of which is in the possession of said Mehl." The petitioner asks that Mehl be removed from his trust, and that he be required to turn over to the appellant said property, upon the ground that the Elkhart Circuit Court had no jurisdiction to make the appointment. To this petition the court sustained a demurrer for want of facts. Appellant declining to plead

further, the court adjudged appellee to be the legal administrator. The ruling of the court upon the demurrer is the only error assigned upon this appeal.

The statute provides that after the death of an intestate letters of administration shall be granted in the county, first, where at his death the intestate was an inhabitant. §§2380, 2381 Burns 1894, §§2227, 2228 Horner 1897.

It appears from the petition that the decedent was an inhabitant of Kosciusko county at the time of his death. It appears, also, that before the time of twenty days within which, under the statute, letters of administration are to be issued to certain persons in the order named upon application, appellee was appointed administrator by the Elkhart Circuit Court. Authority to grant letters of administration is wholly statutory. *Jeffersonville R. Co.* v. *Swayne,* 26 Ind. 477; *Croxlon* v. *Renner,* 103 Ind. 223.

From the averments of the petition, the court was without jurisdiction to appoint appellee. "When it is shown there was no jurisdiction, the decedent being domiciled at the time of his death in another county * * *. It is the duty of the court, upon application of any party in interest or even *ex mero motu* to annul or revoke letters granted." It has been decided, however, that letters issued in the wrong county of the state of which the decedent was an inhabitant at the time of his death are not void, but voidable only. Woerner's American Law of Administrators, §268. Rice's American Probate law and Practice, 337.

The circuit courts of Elkhart and Kosciusko counties had concurrent probate jurisdiction. Elkhart county having first assumed jurisdiction in the case before us, it retained exclusive jurisdiction until its action was set aside. It follows that the issuance of letters in Elkhart county was valid until revoked; and as there can not be two valid administrations within this State upon the same estate, the administration in Kosciusko county was void. The

LaFollette Coal, etc., Co. *v.* Whiting Foundry, etc., Co.

grant of letters to appellant conferred no authority nor interest which authorized him to institute this proceeding to revoke the letters issued to the appellee. *Collart* v. *Allen,* 40 Ala. 155. See, also, *Cunningham* v. *Tully,* 154 Ind. 270.

Appellee has not filed a brief, but we presume that this was the view taken by the trial court. Judgment affirmed.

## On Petition for Rehearing.

Per Curium.—In overruling the petition for a rehearing in this cause, we deem it proper to add that the only question presented by the appeal is the sufficiency of the complaint. While it is therein averred that the decedent was at the time of his death an inhabitant of Kosciusko county, the contents of the record are not shown. The only record properly here consists of the complaint, the demurrer and the ruling and judgment of the court thereon. It does not therefore affirmatively appear, as claimed by counsel for the appellant, that the action of the Elkhart Circuit Court is void.

Petition for a rehearing overruled.