## WILLIAMS, ADMINISTRATOR v. DOUGHERTY.

[No. 5,847. Filed October 30, 1906.]

1. DECEDENTS' ESTATES.—*Executors and Administrators.—Appointment.—Setting Aside.—Residence of Decedent.—*An administrator appointed in a county in which the decedent had no residence should, upon the petition of the widow, be removed, since §2381 Burns 1901, §2228 R. S. 1881, requires that letters shall be granted in the county of which deceased was an inhabitant. p. 10.

2. JUDGMENT.—*Collateral Attack.—Executors and Administrators.—Appointment.—*An order of the court appointing an administrator in a county of which the decedent was not an inhabitant, is voidable but not void, and is not subject to a collateral attack. p. 10.

3. COURTS.—*Jurisdiction.—Executors and Administrators.—Appointment in Wrong County.—*The judge making an appointment of an executor or administrator in the wrong county, upon his own motion, or the application of an interested party, or upon the suggestion of an *amicus curiae,* should vacate such appointment. p. 10.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Petition by Mary J. Dougherty to vacate an order appointing Henry Williams as administrator of the estate of Adam S. Dougherty, deceased. From an order vacating such appointment, defendant appeals. *Affirmed.*

*William Featherngill,* for appellant.

*Charles B. Clarke, Walter C. Clarke* and *Deupree & Slack,* for appellee.

Roby, J.—Appellant was, on September 30, 1904, appointed by the Johnson Circuit Court administrator of the estate of Adam S. Dougherty, deceased. The administrator duly qualified, and entered upon the discharge of his duty.

On February 28, 1905, appellee, being the widow of said decedent, petitioned said court to set aside its order theretofore made in said matter, and to annul said letters, for the alleged reason that decedent was not, at his death, an inhabitant of Johnson county. This issue was submitted for trial, and the fact found to be that, at his death, said decedent was, and for several months prior thereto had been, a resident of Marion county. The court thereupon rendered judgment that said letters of administration be annulled and said appointment set aside, and that appellant file within thirty days a final report of his proceedings therein. The court did not err in the conclusion stated. The statute provides that letters shall be granted in the county where, at his death, the intestate was an inhabitant. §2381 Burns 1901, §2228 R. S. 1881.

The action of the Johnson Circuit Court was not, however, void. It was not subject to collateral attack, but only to a direct one, and so long as it was unrevoked furnished complete protection to appellant acting thereunder. Razor v. Mehl (1900), 25 Ind. App. 645; Soules v. Robinson (1902), 158 Ind. 97, 92 Am. St. 301.

Many questions are presented in argument, but in view of the fact that the court, which has assumed jurisdiction which did not properly belong to it, may and should, upon its own motion, or upon application of any interested person, or upon suggestion of an amicus curiae, revoke such action, they are not regarded as material. Croxton v. Renner (1885), 103 Ind. 223, 226.

Judgment affirmed.