## SAMPLE v. ADAMS, ADMINISTRATOR.

[No. 8,542.   Filed January 31, 1913.   Rehearing denied May 9, 1913.   Transfer denied November 21, 1913.]

1.   EXECUTORS AND ADMINISTRATORS.—*Appointment.—Jurisdiction.—Statutes.*—Under §2743 Burns 1908, §2228 R. S. 1881, providing that letters of administration shall be granted in the county where intestate was an inhabitant at the time of his death, jurisdiction to make the appointment depends upon residence and not upon the location of the assets.   p. 685.

2.   EXECUTORS AND ADMINISTRATORS.—*Appointment in Wrong County.—Validity.—Revocation.*—Letters of administration issued in a county other than that where the intestate resided are not void, although they are voidable in a direct proceeding to set aside the appointment and annul the letters, and should be set aside either upon the application of any interested party, or upon the court's own motion, or at the suggestion of an *amicus curiae.* p. 685.

3.   EXECUTORS AND ADMINISTRATORS.—*Appointment.—Jurisdiction.—Resignation.—Subsequent Appointment in Another County.*—Where the circuit court of a certain county adjudged that it had jurisdiction and appointed an administrator pursuant to §2743 Burns 1908, §2228 R. S. 1881, providing for the granting of letters

in the county where intestate resided at the time of his death, its adjudication of jurisdiction was conclusive in the absence of any direct proceeding to challenge same, and although such administrator resigned and prior to the appointment of an administrator *de bonis non* letters were issued upon the same estate by the court of another county, the issuance thereof did not oust the court making the first appointment of its jurisdiction. pp. 686, 687.

4. EXECUTORS AND ADMINISTRATORS.—*Resignation.*—*Effect of Acceptance.*—The acceptance of an administrator's resignation merely annuls the letters issued to him and does not affect the court's adjudication of jurisdiction over the estate. p. 686.

5. EXECUTORS AND ADMINISTRATORS.—*Jurisdiction.*—*Proceeding to Set Aside Adjudication.*—*Effect of Resignation of Administrator.*—The fact that an administrator has resigned, and his successor has not been appointed, does not render impossible the institution of proceedings to annul or set aside the court's order adjudging jurisdiction over the estate. p. 687.

6. EXECUTORS AND ADMINISTRATORS.—*Adjudication of Jurisdiction to Appoint.*—*Subsequent Appointment in Another County.*—While the order of a court adjudging that it has jurisdiction over an estate remains in force, the appointment of an administrator in another court of coördinate jurisdiction is a collateral attack upon the jurisdiction of the other. p. 688.

7. EXECUTORS AND ADMINISTRATORS.—*Action to Set Aside Appointment.*—*Answer.*—*Sufficiency.*—In an action to set aside the appointment of an administrator on the ground that jurisdiction had been assumed in another county prior to defendant's appointment, an answer alleging generally that such court never had jurisdiction of the estate, and that there was no administration pending when defendant was appointed, was insufficient in that such allegations were mere conclusions of the pleader, and there was no allegation that such court's adjudication of jurisdiction had been annulled or set aside in a direct proceeding instituted for that purpose. p. 688.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Action by George C. Sample against Solomon D. Adams, administrator of the estate of Eliza Ramseyer, deceased. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Gifford & Gifford* and *Kent & Ryan,* for appellant.

*Blacklidge, Wolf & Barnes* and *James M. Purvis,* for appellee.

FELT, P. J.—This action was brought by the appellant in the Tipton Circuit Court on October 16, 1911, to set aside the appointment of Solomon D. Adams, as administrator of the estate of Eliza Ramseyer, deceased. The errors assigned are: (1) The overruling of appellant's demurrer to appellee's answer; (2) the overruling of appellant's motion for new trial.

The appellant in his petition alleges that he was a nephew of the decedent and entitled to share in the proceeds of her estate; that she left no husband, children, father, mother, brother or sister surviving her; that decedent for many years lived in Tipton County, Indiana, and on August 2, 1910, moved to Clinton County with the purpose and intention of residing there permanently; that said Eliza Ramseyer died intestate at said county on September 20, 1910, and at the time of her death was a resident of Clinton County, Indiana; that she left an estate consisting of money and personal property in said county of the value of $1,200, that on September 24, 1910, one India S. Ghere was duly appointed and qualified as administratrix of said estate; that thereafter on September 30, 1910, said administratrix filed in the Clinton Circuit Court her final report and resignation and on said day the court approved the same, accepted her resignation and discharged her from further duties in said estate; that thereafter, on October 7, 1911, one Otto M. Hammond, a resident of said Clinton County was by said court appointed administrator *de bonis· non* of the estate of said Eliza Ramseyer, deceased, and duly qualified as such administrator; that while said estate was pending in said Clinton Circuit Court, on September 30, 1910, one Solomon D. Adams, petitioned the Tipton Circuit Court to be appointed administrator of said estate and was thereupon appointed, gave bond, qualified and entered upon the discharge of his duties as administrator of said estate; that the letters so issued to said Adams were improvidently issued and are illegal and void and should be revoked. A

transcript of the proceedings of the Clinton Circuit Court showing the application and appointment of said India S. Ghere, her final report and resignation, and also showing the application of said Hammond to be appointed as administrator *de bonis non,* and his appointment, was filed and made a part of the petition.

In the report of the said India S. Ghere, it was shown that she had not taken an inventory of the personal property of said decedent, had taken no steps whatever in the administration of said estate, and did not have in her possession any property of said estate. With said report she tendered her resignation and asked the court to appoint some other person in her stead. The court examined and approved said report, accepted her resignation and discharged her from further duty in said estate.

The appellee filed an answer to appellant's petition to set aside his letters of administration and in substance alleged the facts showing his appointment, the resignation and discharge of said Ghere under the circumstances above shown. He further averred that the Clinton Circuit Court never had any jurisdiction over said estate for the reason that said Eliza Ramseyer, deceased, was at the time of her death, an inhabitant of Tipton County, Indiana, and had been for more than 40 years prior thereto, and never was a citizen of Clinton County, Indiana; that there was no administration of said estate pending in any court when appellee was duly appointed by the Tipton Circuit Court as administrator of the said estate; that in his application he showed that said decedent was at the time of her death an inhabitant of the county of Tipton, in the State of Indiana; that after his appointment as such administrator, appellee in his trust capacity brought suit in the Clinton Circuit Court against Judith Sample to recover from her certain money belonging to said estate, and also brought suit in said court against said India S. Ghere to obtain from her certain purchase money for certain real estate obtained by her from said Eliza

Ramseyer shortly before her death; that while said suits were pending in said court an application was made for a change of venue from said county and the Clinton Circuit Court granted a change of venue to the Howard Circuit Court; that jurisdiction of said estate has at all times been in the Tipton Circuit Court of Tipton County, Indiana. To this answer the appellant, George O. Sample, filed demurrer and alleged that said answer did not state facts sufficient to constitute a cause of defense and in his memorandum upon said demurrer stated: (1) Said answer shows upon its face that it is a collateral attack upon the jurisdiction of the Clinton Circuit Court; (2) that the jurisdiction of said estate is in the Clinton Circuit Court. The demurrer was overruled and a reply filed in general denial.

The court heard evidence from numerous witnesses and for the purpose of this opinion it is sufficient to say that there was a conflict of evidence as to whether the residence of the decedent at the time of her death was in Tipton or Clinton County. Some of the evidence tended to show that she left her house furnished in Tipton County; did not dispose of her personal property and was only temporarily sojourning in Clinton County when she died; other of the testimony tended to show that she had declared her intention of making her permanent residence in Clinton County and resided there for six. weeks continuously immediately prior to her death. There was also evidence tending to show that the decedent had lived in Tipton County for about fifty years and that she owned a residence in Sharpsville; that she was afflicted with cancer of the stomach; that in August, 1910, she was visited by India S. Ghere and Judith Sample and returned with them to the city of Frankfort and there died at the home of Mrs. Sample on September 20, 1910; that she deeded her property to Mrs. Ghere on September 3, 1910, and a few days before her death gave to her a power of attorney to dispose of her personal property; that she had a certificate of deposit for about $1,200 and the same

had been transferred to Mrs. Sample shortly before the death of Mrs. Ramseyer, and Mrs. Sample claimed the money as a gift; that Mrs. Sample and Mrs. Ghere were sisters and not related to the decedent; that a former deceased husband of Mrs. Sample was a brother of Mrs. Ramseyer.

The appellee was appointed Sept. 30, 1910, and said administrator *de bonis non* was not appointed by the Clinton Circuit Court until October 7, 1911. Appellant in his brief states: "On the 24th day of Sept., 1910, Mrs. Ghere filed her report and resignation of her trust and asked that the court appoint a successor. Her resignation was accepted." Appellant contends that on the undisputed facts of this case it appears that by the appointment of Mrs. Ghere as administratrix of said estate, the Clinton Circuit Court acquired jurisdiction over said estate and that such jurisdiction continued and is conclusive against a collateral attack; that for this reason it was the duty of the Tipton Circuit Court when such facts were brought to its notice, to set aside appellee's appointment and annul his letters.

The appointment in both counties was made in pursuance of the first clause of §2743 Burns 1908, §2228 R. S. 1881, which provides that letters shall be granted in the county, "Where at his death, the intestate was an inhabitant." Under this provision jurisdiction depends upon residence and not upon assets as in some other instances. *Toledo, etc., R. Co.* v. *Reeves* (1893), 8 Ind. App. 667, 670, 35 N. E. 199. Where letters of administration are issued upon the estate of a person who was at the time of his death an inhabitant of this State, but from a court of a county other than that of the decedent's residence, such letters are not void, but voidable, by a direct proceeding instituted to set aside the appointment and annul the letters. *Razor* v. *Mehl* (1900), 25 Ind. App. 645, 646, 57 N. E. 274, 58 N. E. 734; *Williams* v. *Dougherty* (1906), 39 Ind. App. 9, 10, 78 N. E. 1067. It

is also held that where in making such appointment the court erroneously assumes jurisdiction which does not belong to it, upon application of any interested party, or upon its own motion, or at the suggestion of an *amicus curiae,* it not only may, but should revoke the letters so issued. *Croxton* v. *Renner* (1885), 103 Ind. 223, 2 N. E. 601; *Williams* v. *Dougherty, supra.*

In *Razor* v. *Mehl, supra,* on page 646 it is said: "The circuit courts of Elkhart and Kosciusko counties had concurrent probate jurisdiction. Elkhart County having first assumed jurisdiction in the case before us, it retained exclusive jurisdiction until its action was set aside. It follows that the issuance of letters in Elkhart County was valid until revoked; and as there cannot be two valid administrations within this State upon the same estate, the administration in Kosciusko county was void." The controlling facts in the case from which the above is quoted are the same as those in the case at bar, except that in the former case the Elkhart Circuit Court had not only first assumed jurisdiction, but at the time of the appointment in Kosciusko County, was actually exercising jurisdiction over the estate through its appointee who held letters of administration duly issued, outstanding, and unrevoked at the time of the second appointment. Jurisdiction is conferred by statute and the general jurisdiction so derived is the same as to both Clinton and Tipton counties. The petition filed in each court alleged that the decedent at the time of her death was an inhabitant of the county over which the jurisdiction of the court in such matters extended. Before any appointment was made, the Clinton Circuit Court duly adjudged that it had jurisdiction of said estate.

4. The acceptance of the resignation of Mrs. Ghere amounted to an annulment of the letters issued to her. *Goff's Admr.* v. *Norfolk, etc., R. Co.* (1888), 36 Fed. 299; *Spring* v. *Erwin* (1845), 28 N. C. 27; *Tilton* v. *O'Connor* (1894), 68 N. H. 215, 44 Atl. 303. However, the letters

issued to her, only gave personal authority to her to proceed with the due administration of said estate, and the revocation of such letters did not set aside or modify the adjudication that the Clinton Circuit Court had jurisdiction of said estate. An administrator is but the instrument or arm of the court, and the court having once assumed jurisdiction of an estate in a regular proceeding, does not lose jurisdiction over the estate by the death, resignation or removal of such officer. In the present case, the delay of the Clinton Circuit Court in exercising its jurisdiction

3.

after accepting the resignation of Mrs. Ghere, suggests inconsistency and may result in some hardships. But the fact that the record, by which its jurisdiction was determined, was not challenged in any direct proceeding, but remained in full force and effect, is conclusive on the jurisdictional question as here presented. The principle involved is the same as it would be if the Clinton Circuit Court had appointed an administrator *de bonis non* immediately after the resignation of the first appointee. It may be that wisdom and expediency suggest some reasonable limitation of the time within which the court in such instances shall exercise its jurisdiction and proceed with the actual administration of the estate, but under our statute conferring jurisdiction in probate matters, the fixing of such limitation is a matter for the legislature and not for the courts.

The fact that there was no appointee of the Clinton Circuit Court engaged in the administration of said estate when the Tipton Circuit Court assumed jurisdiction,

5.

did not make it impossible to institute proceedings to annul or set aside the order of the Clinton Circuit Court which adjudged that said court had jurisdiction of said estate. Jurisdiction was invoked and adjudged on an *ex parte* petition and any one legally interested in the settlement of the estate could in the same way procure the setting aside of the jurisdictional order, if the facts warranted such action. While such order remained in force, the appoint-

ment of an administrator in another court of coör-
6.   dinate jurisdiction, under the statute, was a collateral
attack upon the jurisdiction of the Clinton Circuit
Court.   When this fact was made known to the Tipton Circuit Court, it was its duty to set aside appellee's appointment and annul the letters of administration issued to him. As such letters are voidable only, whatever course may hereafter be pursued in the settlement of the estate may be so done as to insure a proper accounting of all funds and property in appellee's hands, belonging to said estate.

The appellee's special answer was insufficient because it failed to show that the jurisdictional order of the Clinton
Circuit Court had been annulled or set aside in a
7.   direct proceeding instituted for that purpose.   The
general allegations that the Clinton Circuit Court never had jurisdiction of said estate, and that there was no administration pending when appellee was appointed, are but conclusions of the pleader and insufficient to meet the showing in appellant's position that the Clinton Circuit Court had upon a proper petition assumed jurisdiction, and that the order of the court showing that fact, was still in force.   The judgment is therefore reversed, with instructions to the lower court to sustain the motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 100 N. E. 573.   See, also, under (1) 18 Cyc. 67; (2) 18 Cyc. 143; (3) 18 Cyc. 140, 141; (4) 18 Cyc. 150; (7) 18 Cyc. 157; 31 Cyc. 57.   As to collateral attack on right of acting executor or administrator, see 81 Am. St. 535.   As to collateral attack on a decree granting letters testamentary or of administration, see 4 Ann. Cas. 1117.