## POWELL v. JACKSON.

[No. 8,950. Filed January 27, 1916.]

1. EXECUTORS AND ADMINISTRATORS.—*Authority.*—*Appointment of Special Administrator.*—*Power of Court.*—The authority of an administrator properly appointed extends to and embraces all the property of which the decedent died possessed until his discharge or the revocation of his letters; and where there is a regular administrator duly appointed, qualified and acting, the court is without power to appoint a special administrator, since the jurisdiction of a court to grant letters of administration is statutory and there is no statutory provision for a special administrator where the estate is in the hands of a regular administrator. p. 600.

2. EXECUTORS AND ADMINISTRATORS.—*Exceptions to Report.*— *Authority of Court.*—Where exceptions were filed to an administrator's final report on the ground that he had not accounted for a note owing to the estate by him personally, and issues were joined on the exceptions, the court had full power without the assistance

of a special administrator to determine whether the alleged note was in fact an asset of the estate, and, if so, to set aside the report and order a new one, and §2762 Burns 1914, §2245 R. S. 1881, relating to the removal of the administrator, provided an ample remedy in the event of the administrator's refusal to obey such order.  p. 605.

3.  EXECUTORS AND ADMINISTRATORS.—*Status as Representative and Individual.—Collection of Debt Due From Administrator as Individual.—Authority of Court.*—An administrator as such has a status separate and distinct from himself as an individual, and hence, where suit becomes necessary for the enforcement of a claim alleged to be due the estate from him in his individual capacity, the court may order him as administrator to sue himself as an individual, and under §2839 Burns 1914, §2321 R. S. 1881, may appoint an attorney to represent the estate the same as in a proceeding for the collection of a claim from the estate in favor of the administrator. p. 605.

4.  EXECUTORS AND ADMINISTRATORS.—*Right to Sue.—Denial of Right.—Statutory Provisions.—Action by Special Administrator.*— Notwithstanding the provisions of §2810 Burns 1914, §2292 R. S. 1881, whereby the right of an administrator to sue can not be questioned except by pleading under oath, the court erred in sustaining the demurrer to certain answers in bar in an action by a special administrator against the regular administrator, where the question raised by such demurrer went to the authority of the court to appoint the special administrator rather than to the latter's authority to sue, and the answers stated facts to show that his appointment was unauthorized.  p. 606.

5.  APPEAL.—*Review.—Questions Presented.*—No question is presented on the overruling of a motion for new trial for alleged error in instructions where appellant's brief contains no proposition addressed to the giving or refusal of instructions.  p. 606.

6.  APPEAL.— *Questions Reviewable.—Weight of Evidence.*—Questions which go to the weight of the evidence are not reviewable on appeal where the evidence is both oral and documentary.  p. 606.

From Rush Circuit Court; *Wallace Morgan,* Special Judge.

Action by Cary Jackson, as special administrator of the estate of Amelia J. Powell, deceased, against Robert F. Powell.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*John H. Kiplinger,* for appellant.
*A. L. Gary,* for appellee.

MORAN, J.—On December 13, 1911, appellant

filed his final report as the administrator of the estate of Amelia J. Powell, deceased, and on the following day exceptions were filed to the same, on the ground that the administrator had failed to charge himself with the proceeds of a certain promissory note calling for $175, executed by appellant to Amelia J. Powell. On December 19, 1911, the exceptions were submitted to the court and evidence heard, and after hearing the argument of counsel, the court took the cause under advisement; and while the cause was under advisement and before the court had passed upon the same, the court on its own motion appointed appellee as special administrator of the estate of Amelia J. Powell for the purpose of inquiring into the facts surrounding the execution of the note. On April 25, 1912, the court ordered the special administrator to bring an action against appellant on the note. Upon issue being joined and a trial had, a verdict was returned against appellant and in favor of the estate of Amelia J. Powell in the sum of $125. An appeal has been prosecuted from a judgment on the verdict by appellant.

The main question involved in this appeal is the authority of appellee to have prosecuted the action against appellant. This question is presented on exceptions reserved to the sustaining of a demurrer to three separate paragraphs of a plea in abatement and by exceptions reserved to the sustaining of a demurrer to four separate paragraphs of answer on the merits of the cause. It is disclosed by the various pleadings addressed to the complaint that, while the court had under advisement the questions raised by the exceptions filed to appellant's final report as the administrator of the estate of Amelia J. Powell, it appointed a special administrator to bring an action against appellant on a certain promissory note

executed by appellant to Amelia J. Powell, during her lifetime, and which was not accounted for in the final report, as aforesaid. The exceptions to the final report were never passed on by the court and appellant was the duly acting and qualified administrator of the estate at the time appellee was appointed as such special administrator and continued as such throughout the litigation. Appellee as such special administrator was not sworn to perform or discharge any duty nor did he execute a bond of any kind or character to perform his duties faithfully. He had no authority other than being named by the court as such special administrator, and to his appointment appellant duly excepted at the time he was so named by the court.

Appellant very vigorously insists that the court had no authority to appoint a special administrator of the estate under the circumstances, for the reason that he was at the time the duly appointed, qualified and acting administrator of the estate. To this contention, appellee's answer is that the circuit court has exclusive jurisdiction of all probate matters and is vested with large discretionary power and when the procedure is not directed by statute, as in the matter here involved, the procedure will be supplied by invoking the equity jurisdiction of the court. In support of this position, the following authorities are cited. *Hildebrand* v. *Kinney* (1909), 172 Ind. 447, 87 N. E. 832, 19 Ann. Cas. 788; *Pease* v. *Christman* (1902), 158 Ind. 642, 64 N. E. 90; *Langsdale* v. *Woollen* (1889), 120 Ind. 78, 21 N. E. 541; *Dehart* v. *Dehart* (1860), 15 Ind. 167. *Hildebrand* v. *Kinney*, *supra*, was a case where a claim for funeral expenses was saved from the statute of limitations on the ground that it was not a debt against the decedent, but a charge imposed by law on equit-

able principles, and that the appointment of an administrator related back to the death of the decedent for the purpose of preserving any rights in favor of the estate, one of such rights being that of a Christain burial. In *Pease* v. *Christman, supra,* where reimbursement was sought by the widow for money expended for a monument erected at the grave of her deceased husband, it was held that in the exercise of probate jurisdiction, the court had the right to determine equitable questions when properly presented and award all necessary relief whether legal or equitable. *Langsdale* v. *Woollen, supra,* holds that the presumption was in favor of jurisdiction of the common pleas court, it being a court which exercised jurisdiction of all matters of probate at the time the administrator was appointed. In *Dehart* v. *Dehart, supra,* where a widow filed a petition in the probate court showing a release by her of a dower estate to her son, who had agreed to convey to her a life estate in other lands, and praying for specific performance, it was held that the proceeding was one in chancery, and that, as a court of equity, the probate court had jurisdiction concurrent with the circuit court. It can readily be seen that the authorities relied on by appellee are not highly instructive as to the question presented by appellant. It is provided by statute (§2753 Burns 1914, §2237 R. S. 1881), that a special administrator may be appointed for the purpose of preserving the property of the testate, until an executor or administrator could be duly appointed and likewise, if an executor or administrator should die, resign, remove from the State or his authority be revoked or superseded, an administrator *de bonis non* may be appointed; and also, if after final settlement it is found that assets of the estate have not been administered upon, an

administrator *de bonis non* may be appointed. §§2756, 2757 Burns 1914, §2240 R. S. 1881, Acts 1891 p. 107. And if a person shall have died testate and notice of contest of the will shall have been given, it is lawful for the court to appoint a special administrator to take charge of the estate, so far as the same is consistent with the will. §2755 Burns 1914, §2239 R. S. 1881. There is no statute in this State authorizing the appointment of a special administrator while there is a regular administrator, duly appointed, qualified and acting. So, if the court had authority to appoint appellee as a special administrator under the circumstances in the case at bar, it must have been independent of any statute. "The appointment of an executor vests the whole personal estate in the person so appointed. He holds as trustee, for the purposes of the will, but he holds the legal title in all the chattels of the testator. He is, for the purpose of administering them, as much the legal proprietor of those chattels, as was the testator himself while alive. This is incompatible with any power in the ordinary to transfer those chattels to any other person by the grant of administration on them. His grant can prove nothing; it conveys no right, and is a void act." The above language is quoted with approval in the case of *Kane* v. *Paul* (1840), 39 U. S. *33, 10 L. Ed. 341, as taken from an early and lucid opinion of Chief Justice Marshall (*Griffith* v. *Frazier* [1814], 8 Cranch 9, 3 L. Ed. 471), and which latter opinion in its final analysis holds that where there is one qualified executor, the court is without jurisdiction to appoint another. By numerous authorities it has been held that after letters of administration have been granted, the court has no power to appoint an administrator *pendente lite* unless such letters have

first been revoked. 11 Am. and Eng. Ency. Law
(2d ed.) 803, 826; *Hooper* v. *Scarborough* (1877),
57 Ala. 514; *Davis* v. *Shuler* (1874), 14 Fla. 438;
*Newman* v. *Schwerin* (1894), 61 Fed. 865, 10 C.
C. A. 129; *Grave* v. *Neel* (1883), 41 Ark. 165; *Schroed-
er* v. *San Mateo Co.* (1886), 70 Cal. 343. In *Land-
ers* v. *Stone* (1873), 45 Ind. 404, it was said, "when
there is a will, there shall be either an executor or an
administrator with the will annexed,     *     *     *
and when there is no will, there is simply an admin-
istrator, whose authority extends to and embraces
all the property of which the decedent died possessed.
Under such a construction, there will be no con-
fusion. The entire estate is in the hands of one
person." In *Jones* v. *Bittinger* (1887), 110 Ind.
476, 11 N. E. 456, it was said, "Until the letters so
granted have been revoked or set aside, in a proper
proceeding for that purpose, the refusal of the proper
court to grant other letters of administration upon
the same estate to another person, although such
person may have a right under the statute prior to
that of the person to whom the letters were first is-
sued, is not and cannot be erroneous." In *Munni-
khuysen* v. *Magraw* (1871), 35 Md. 280, the court held
that when a will has been admitted to probate and
letters testamentary actually granted, 'the execu-
tors have qualified and their letters remain unre-
voked, the court has no power to appoint an admin-
istrator *pendente lite*, since there would be two parties
each clothed with powers of administration at the
same time.

In some jurisdictions the court having authority
to grant letters of administration in the first in-
stance may thereafter appoint a special adminis-
trator or an administrator *pendente lite*, but in those
jurisdictions it appears that such appointment is

authorized directly or indirectly by statute. Under the statute of Tennessee such appointment is authorized by the chancery court where the estate of the deceased person must be represented and the executor or administrator is interested adversely thereto. In *Newman* v. *Schwerin*, *supra*, the court said: "Under the Tennessee statute the power to make such limited appointment was conferred only upon the express condition that there was no administrator, or that the administrator was incapacitated from acting by reason of an adverse interest." It is the law of this State that the jurisdiction of a court to grant letters of administration is derived from the statute and can be exercised only in cases so provided. *Jeffersonville R. Co.* v. *Swayne's Admr.* (1866), 26 Ind. 477; *Razor* v. *Mehl* (1900), 25 Ind. App. 645, 57 N. E. 274, 58 N. E. 734; *Croxton* v. *Renner* (1885), 103 Ind. 223, 2 N. E. 601; *Toledo, etc., R. Co.* v. *Reeves* (1894), 8 Ind. App. 667, 35 N. E. 199; *Curry* v. *Plessinger* (1912), 50 Ind. App. 166, 96 N. E. 190, 97 N. E. 124. For the court to appoint a special administrator in the manner and under the circumstances of the case, we think, would be carrying the inherent or discretionary powers of the court beyond that contemplated by our practice. Appellee, without letters being issued to him, bond executed or oath administered, displaced the regular officer of the court in the administration of the estate as to the collection of the claim in controversy. To sanction this, we believe, would be such an enlargement of the court's inherent or discretionary powers as to invite a practice, which might in the future lead to harmful results, especially in view of the fact that other remedies provided by statute were open to the court. The regular administrator was an officer and servant of the court. The estate was being administered by the court through its

servant and officer. There was ample power

2. lodged in the court without the assistance of a special administrator to reach the matter in controversy. The parties appeared and issues were joined on the exceptions to appellant's final report and the court had full power to determine in this proceeding whether the claim alleged to be due from appellant to the estate was in fact an asset of the estate and if so, the report should have been set aside and a new report ordered to conform to the judgment of the court. And if the administrator fails to obey the order of the court the statute (§2762 Burns 1914, Acts 1883 p. 151) is very comprehensive in its scope as to the grounds of removal of an administrator, and afforded the court a remedy in this respect. No doubt at the time the court appointed the special administrator, and ordered him to

3. bring the action against appellant, it could have ordered the regular administrator to have done so, as Powell, administrator of the estate, and Powell in his own right were two separate and distinct persons (*Moore* v. *Ferguson* [1904], 163 Ind. 395, 72 N. E. 126), and under §2839 Burns 1914, Acts 1883 p. 155, the court could have appointed a practicing attorney of the bar to represent the estate the same as if the claim were in favor of the administrator. By §2981 Burns 1914, §2458 R. S. 1881, it is provided among other things that an administrator may be sued upon his bond for failing to inventory property of the decedent, failing to pay money into court according to law, the lack of diligence in collecting the claims due the estate, and for noncompliance with any order of the court respecting the estate.

Under §2810 Burns 1914, §2292 R. S. 1881, the right of an executor or administrator to sue can not be questioned unless the opposite party file a plea

denying such right, with his affidavit there-
to attached as to the truth thereof. *Mc-
Dowell* v. *North* (1900), 24 Ind. App. 435, 55
N. E. 789; *Kelley* v. *Love* (1871), 35 Ind. 106;
*Nolte* v. *Libbert* (1870), 34 Ind. 163. The foregoing
section of the statute prescribes the method of
questioning the authority of an executor or ad-
ministrator to sue. The question in the case at bar
goes to the authority of the court to appoint an ad-
ministrator under the circumstances, and as to
whether the various paragraphs of the plea in abate-
ment or either of them is sufficient to bring the
same within the purview of §2810, *supra*, we need
not decide, as paragraphs six and seven of the answer
in bar plead all the facts and were sufficient to
withstand a demurrer in view of the question in-
volved. It, therefore, follows that the court erred
in sustaining the demurrer to each of these para-
graphs.

No error is presented on the overruling of the
motion for a new trial, as under the subdivision of
"Points and Authorities" in appellant's brief,
no proposition is addressed to the giving or
refusing to give instructions (*Dunton* v.
*Howell* [1915], *ante* 183, 109 N. E. 418);
and as to the other questions sought to be
raised, they go to the weight of the evidence,
which is oral and documentary, and under the
well established rule of appellate procedure no ques-
tion is presented in this behalf. *Cleveland, etc., R.
Co.* v. *Christie* (1912), 178 Ind. 691, 100 N. E. 299;
*Wellington* v. *Reynolds* (1912), 177 Ind. 49, 97 N. E.
155; *Espenlaub* v. *Hedderick* (1913), 52 Ind. App.
139, 100 N. E. 382.

For error of the court in sustaining the demurrer
to the sixth and seventh paragraphs of answer
aforesaid, judgment is reversed, with instructions

to the court to overrule the same and for further proceedings in accordance with this opinion.

NOTE.—Reported in 111 N. E. 208. As to debts to estate owed by administrators, and how regarded as assets, see 132 Am. St. 230. As to the power of a court to remove an executor or administrator, see Ann. Cas. 1915 D 284. See, also, under (1) 18 Cyc 112, 113; (2) 18 Cyc 1196; (5) 3 C. J. 1429; 2 Cyc 1017; (6) 3 Cyc 378.