PETTIBONE ET AL. *v.* MOORE

[No. 28,057.   Filed February 15, 1945.   Rehearing denied March 13, 1945.]

*Cope J. Hanley,* of Rensselaer, and *Harker and Irwin,* both of Frankfort, for appellants.

*Millard Morrison,* of Frankfort, and *Scifres and Hollingsworth,* of Lebanon, for appellee.

STARR, J.—Appellee's decedent, Mary G. Moore, was killed ' in a collision with the appellants' train. One Mervin R. Hunt was appointed the administrator of her estate on November 4, 1939. He was discharged on January 16, 1941, and at that time his final report was approved and the estate was adjudged fully and finally administered, and the order finally closing the estate has never been set aside. Prior to discharge he filed no action to recover for the wrongful death of appellee's decedent. On August 8, 1941, appellee Mildred Moore filed her application for letters of administration upon the estate of said Mary G. Moore for the sole purpose of collecting damages for personal injuries resulting in the death of said decedent, which application was granted, and thereafter the said administratrix filed an action against the appellants for the wrongful death of said Mary G. Moore. This action was then brought by the appellants to set aside and cancel appellee's letters of administration, which relief the trial court denied.

The sole question raised by appellants in their complaint, and the sole question before the court, is whether, after the discharge of the general administrator and the closing of the estate by the court as above related, the court could then proceed to issue letters of administration to the appellee only for the purpose of bringing and prosecuting a claim for the wrongful death of the said Mary G. Moore.

Section 2-404, Burns' 1933 (Supp.), § 51, Baldwin's Supp. 1937, provides, among other things, "When the

death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years." Although our courts have uniformly held the term "personal representative" in this section of the statute means the general administrator of the decedent's estate, and that he is the only person authorized to bring such suit up until there has been a final settlement and the estate is closed, yet it has also been uniformly held by this court that in bringing such suit such administrator is not acting as an administrator but as a trustee for those entitled to damages arising from such action. Henry's Probate Law and Practice, Fourth Edition, § 93; *The Memphis and Cincinnati Packet Co.* v. *Pikey, Admx.* (1895), 142 Ind. 304, 40 N. E. 527; *Lake Erie, etc., R. Co.* v. *Charman, Admr.* (1903), 161 Ind. 95, 67 N. E. 923.

As was said in *Lake Erie, etc., R. Co.* v. *Charman, Admr., supra,* "The legislature, for reasons of its own, designated the personal representative of the deceased, who is understood to be the administrator of such deceased person's estate, as the only person competent to prosecute an action under said section. It doubtless had in view cases where there should be a failure of widow and children, or where the beneficiaries should be minors or numerous, and as a matter of convenience deemed it expedient to provide for the prosecution of such actions by a trustee for the use of the persons entitled. The designation of the personal representative of the deceased as such trustee would seem to have no other significance than is implied from the fact that such officer is convenient, and usually selected for his probity and friendly relation with the family of the deceased."

In treating of a statute similar to our own in the

case of *Ghilain* v. *Couture* (1929), 84 N. H. 48, 146 A. 395, 65 A. L. R. 553, the court said:

"We therefore come to the interpretation of the Statute unhampered by any rules or questions of state policy peculiar to the ordinary administration of intestate property to which it has no relation, except as it utilizes the personal representative of the decedent, *ex officio*, as the instrument of enforcement of the right of action which it provides. The right accrues to the 'administrator of the deceased party' *eo nomine*, as a trustee merely for the designated beneficiaries. He derives his authority to bring the suit not from his probate appointment but wholly from the statute. In his capacity as administrator of the effects of his intestate he has no more interest in the suit than he has personally.

"The statute creates a new cause of action unknown to the common law. . . . The act is designed to correct what, according to modern views, was a manifest defect in the common law, and, notwithstanding it is in derogation thereof, the remedial nature of the act is such as to call for a liberal construction. The paramount object of the legislation is to benefit the designated beneficiaries. The medium of enforcement is secondary."

Aside from the provisions of § 2-404, Burns' 1933 (Supp.), § 51, Baldwin's 1937 Supp., providing that the action shall be commenced by the personal representative within two years, § 6-1407, Burns' 1933, § 3212, Baldwin's 1934, provides:

"Death from personal injury—Administrator to collect damages — Settlement without notice. — Whenever an administrator is appointed for the sole purpose of collecting damages for personal injury resulting in the death of any decedent, and the only assets coming into the possession of said administrator is money so collected, he may, at any time, file in the court where he was appointed his

final report, and the same may be approved by the court, and it shall not be necessary for such administrator to publish any notice of his appointment or of the final settlement of such estate unless the same is ordered by the court."

This latter section recognizes and lends approval to the appointment of. an administrator for the sole purpose of prosecuting an action for wrongful death. Our courts have consistently held that an administrator can be appointed for that sole purpose, and the right to such appointment under the first subdivision of § 6-302, Burns' 1933, § 3031, Baldwin's 1934, does not depend upon the decedent leaving assets. *Toledo, etc., R. Co.* v. *Reeves* (1893), 8 Ind. App. 667, 35 N. E. 199; *Mesker* v. *Bishop* (1941), 56 Ind. App. 455, 103 N. E. 492, 105 N. E. 644.

In *Toledo, etc., R. Co.* v. *Reeves, supra,* Judge Reinhard says, "We are loth to believe that the Legislature intended to confer the right of action upon an administrator, when, at the same time, there was no power in the court to appoint one for the sole purpose of instituting such action." This case is cited on behalf of the appellants, but there is nothing in same which holds that an administrator for the purpose of bringing suit on a death claim cannot be appointed after the estate has been closed and the general administrator discharged.

The appellants seem to rely upon the case of *Chicago, etc., R. Co.* v. *Hemstock, Admr.* (1936), 102 Ind. App. 654, 4 N. E. (2d) 677. That case was decided upon the theory that the administrator therein appointed was an administrator *de bonis non.* Clearly the appointment of an administrator *de bonis non* should not be made for the sole purpose of prosecuting a claim for wrongful death.

The appointment of the administrator in this case could not possibly have any effect upon the decedent's estate, as said estate has no interest whatsoever in the prosecution or result of the suit to be brought, and the assets of the general estate are not liable for the costs or other charges incurred in the prosecution of the same. *Yelton, Admr.* v. *The Evansville, etc., R. Co.* (1893), 134 Ind. 414, 33 N. E. 629. In a case like the present one, the administrator is not appointed for the estate, but merely for the purpose of acting as a trustee in bringing suit. In fact, death claims can be settled by the beneficiaries without the intervention of an administrator or personal representative. *Fink* v. *Peden* (1938), 214 Ind. 584, 17 N. E. (2d) 95; *Pittsburgh, etc., Ry. Co.* v. *Gipe, Admx.* (1903), 160 Ind. 360, 65 N. E. 1034.

It is true an administrator can be appointed only pursuant to statutory authority, and that the statutory method is exclusive, but in our opinion we must read the statutes providing for the appointment of an administrator and the death claim act together. It is inconceivable that the legislature intended to foreclose the appointment of an administrator for the sole purpose of prosecuting an action for wrongful death because a general administrator who could have done so has been discharged without performing that duty.

Judgment affirmed.

NOTE.—Reported in 59 N. E. (2d) 114.